Samuel Hicks OVERTON and Samuel Hicks Overton, as administrator of the estate of Samuel John Overton, deceased, Plaintiff,

v.

RAINBO BAKING COMPANY OF JOHNSON CITY, Incorporated, Defendant.

Civ. A. No. 1761.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 6, 1964.

G. Edward Friar, Knoxville, Tenn., for plaintiff.

Milligan, Silvers & Coleman, Greeneville, Tenn., S. J. Milligan, Greeneville, Tenn., of counsel, for defendant.

NEESE, District Judge.

This is an original action in this court for wrongful death. The plaintiff-administrator sought to invoke the jurisdiction of this court under the diversity statute, 28 U.S.C. § 1332.

At the pretrial conference herein, the Court, *sua sponte*, directed counsel's attention to the insufficiency of the allegations in the complaint to invoke effectively the jurisdiction of this court under the diversity statute, supra. *Inter alia*, the plaintiff had not alleged the State in which the corporate defendant has its principal place of business. 28 U.S.C. § 1332(c). The plaintiff being a Tennessee citizen, and the citizenship of the corporate defendant not having been alleged, the possibility existed that both the plaintiff and the defendant were to be deemed citizens of the same state; thus the diversity of citizenship necessary to invoke this court's jurisdiction did not affirmatively appear. Pan American Petroleum Corp. v. Superior Court (1961), 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584, 589 (headnote 5).

The plaintiff was permitted, however, to amend his complaint so as to properly allege the essential jurisdictional facts. 28 U.S.C. § 1653. He alleged that the corporate defendant has its principal place of business in Delaware, the only state by which it is incorporated. The defendant denied this allegation, contending that it has its principal place of business in Tennessee, and moved for a dismissal for want of jurisdiction.

█ Thus, the onus of supporting the disputed allegation by competent proof rested on the plaintiff. Thomson v. Gaskill (1942), 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951, 955 (headnote 2). The plaintiff offered no substantiated facts in support of his allegation in this regard. The defendant, on the other hand, offered competent proof, by affidavits, that the corporate defendant's major operations in the production and delivery of bakery products are carried on in Tennessee; that its only bakery plant is located in Tennessee; that virtually all its tangible property is located in Tennessee; that about 85% of its employees perform their work and are paid their salaries and wages in Tennessee; that its chief officers reside and maintain their offices in Tennessee; that all its books and records, except its original stock ledger, are kept in Tennessee; that quarterly meetings of its board of directors are held in Tennessee; that 42 of its 54 pieces of rolling stock are registered with, licensed by, and garaged in, Tennessee; that with the exception of 12 vehicles serving within states contiguous to Tennessee from the Tennessee plant, all its property, of the approximate value of $1,500,000 is situated in Tennessee; and that all its taxes are paid in, or from, Tennessee.

██ Counsel for the plaintiff produced at the pretrial conference an authenticated copy of a verified report for the year commencing July 1, 1963, purportedly filed with the Tennessee secretary of state on June 7, 1963, in which the defendant foreign corporation listed as its "principal office and place of business out of Tennessee" as "100 West Tenth Street, Wilmington, Delaware". While this reported information may have justified the plaintiff's understandable conclusion that the defendant was a Delaware corporation, not incorporated by any other state, with its principal place of business in Delaware, this Court is not bound by any statement of either party in determining its jurisdiction. Even if both parties hereto consented to this court's jurisdiction, such consent would not clothe the Court with jurisdiction under the facts hereinabove related. Mitchell v. Maurer (1934), 293 U.S. 237, 55 S.Ct. 162, 79 L.Ed. 338, 343 (headnote 6).

█ The situs of a corporation's principal place of business is purely a question of fact. Continental Coal Corp.

v. Roszelle Bros., C.C.A. 6th (1917), 242 F. 243, 246. From these undisputed facts, the Court finds and concludes that the defendant's corporate activity places its "center of gravity", its "nerve center", and its "principal place of operations" in Tennessee, where the plaintiff also has his citizenship. Cf. Kelly v. United States Steel Corp., C.A. 3rd (1960), 284 F.2d 850 and Continental Coal Corp. v. Roszelle Bros., supra. Thus, there is no diversity of citizenship between this plaintiff and this defendant.

The evidence in this record not supporting the necessary allegations of diverse citizenship of the litigants, the defendant's motion to dismiss is granted, and this action will be dismissed. Rule 12(h) (2), Federal Rules of Civil Procedure; Thomson v. Gaskill, supra, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. at p. 955 (headnote 3).

The plaintiff being denied all relief in this court, the clerk will forthwith prepare, sign and enter an order dismissing this action.