**Athan M. BROWN, Plaintiff,**

v.

**KINGSPORT PUBLISHING CORPORATION, Defendant.**

**Civ. A. No. 2500.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Jan. 22, 1971.

John S. McLellan, Lynn M. Lauderback, Boyd & Lauderback, Kingsport, Tenn., for plaintiff.

Ernest F. Smith, W. Scott Trundle, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action. The plaintiff invoked the diversity jurisdiction of this Court, 28 U.S.C. § 1332(a), (1), (c). The defendant moved to dismiss the

complaint, on the ground that diversity is lacking between the parties, and that this Court lacks jurisdiction of the subject matter of the suit. Rule 12(b) (1), Federal Rules of Civil Procedure. An evidentiary hearing on the issue, whether the principal place of business of the corporate defendant is in Ohio or Tennessee, 28 U.S.C. § 1332(c), was conducted on November 19, 1970. Final briefs have now been provided.

■ It is conceded by both parties that the plaintiff is a citizen of Tennessee, and that the defendant is incorporated by Ohio and is not incorporated by Tennessee. It is the contention of the defendant that its principal place of business is in Tennessee, while the plaintiff contends that the defendant's principal place of business for its Tennessee operations is in Ohio, giving rise to diversity jurisdiction here. Thus, a pure question of fact is presented. Overton v. Rainbo Baking Company of Johnson City, D.C.Tenn. (1964), 239 F. Supp. 800, 801 [4].

The defendant corporation is a wholly-owned subsidiary of Sandusky Newspapers, Incorporated, a family-held Ohio corporation with its principal place of business in Ohio. All meetings of the defendant's directors, each of whom is an Ohio citizen, are conducted in Sandusky, Ohio. Capital expenditure and other corporate matters are determined there, including the recent authorization of the construction of a new building in Tennessee. The defendant's president and treasurer Mr. Dudley A. White is a citizen of Ohio and has his office there. Mr. White receives in Ohio monthly profit-and-loss statements from the Tennessee operations. Advertising lineage of the Tennessee newspapers is computed there. An Ohio accounting firm represents the Tennessee newspapers and prepares consolidated income tax returns for four companion corporations, of which the defendant is one. Each page of the Tennessee newspapers is microfilmed in Ohio. The defendant maintains a bank checking account in Ohio

and makes withdrawals on the signature of Mr. White.

There are frequent interchanges of memoranda between Mr. White and Mr. E. G. Heiberger, vice president and publisher of the defendant's newspapers in Tennessee. There are also telephoned communications between the two, less than weekly. These two officials selected the architect for the defendant's new building. On rare occasions Mr. White comes to Tennessee to consult with local legal counsel and Mr. Heiberger.

The defendant publishes the morning Kingsport News, the afternoon Kingsport Times, and the Sunday Kingsport Times-News in Kingsport, Tennessee. Mr. Heiberger makes the day-to-day decisions for the defendant from his office in Tennessee. He is free to make any expenditure, except a capital expenditure. He negotiates and makes, with Mr. White's final approval, contracts with the defendant's operating personnel, as well as contracts with advertisers; establishes circulation rates; and determines editorial positions. The defendant pays from Kingsport real, personal, franchise and sales taxes to the state of Tennessee and its subdivisions. All employees of the defendant, with the exception of Mr. White, perform their functions within Tennessee. The defendant owns two plant-sites in Tennessee.

This does not present a situation where a parent corporation controls a subsidiary company, so that the latter is used as a mere agency or instrumentality of the parent corporation. Cf. Dobyns-Taylor Hardware Co. v. United States, D.C.Tenn. (1967), 278 F.Supp. 538, 542–544 [5]. "* * * [I]t is the activities rather than the occasional meeting of policy-making [d]irectors which indicate the principal place of business. * * *" Kelly v. United States Steel Corporation, C.A.3rd (1960), 284 F.2d 850, 854 [2]. "* * [W]here policy making and meetings of the [b]oard of [d]irectors take place in one state and the operating control is

1354

exercised in another, the courts have found the latter state to be the corporation's principal place of business. * * " Leve v. General Motors Corporation, D.C.N.Y. (1965), 246 F.Supp. 761, 764 [4].

The Court finds and concludes from the evidence presented that the principal place of business of the defendant corporation is in Tennessee. As the plaintiff is a citizen of Tennessee, and as the defendant is to be deemed a citizen of Tennessee for diversity purposes, " * * * there is no diversity of citizenship upon which to predicate jurisdiction in this court. * * * " Moore-McCormack Lines, Inc. v. Ingalls Shipbuilding Corporation, D.C.N.Y. (1961), 194 F.Supp 412 [1].

The motion of the defendant accordplaint herein hereby is

Dismissed.