Steve J. HORWAT, as Administrator of the Estate of Edward Horwat, also known as Edward S. Horwat, Deceased, Plaintiff,

v.

PAULSEN-WEBBER CORDAGE CORPORATION, Defendant and Third-Party Plaintiff,

v.

BABCOCK & WILCOX COMPANY et al., Third-Party Defendants.

Deborah MORRISON, Administratrix, D.B.N. of the Estate of Kenneth D. Richter, Deceased, Plaintiff,

v.

PAULSEN-WEBBER CORDAGE CORPORATION, Defendant and Third-Party Plaintiff,

v.

BABCOCK & WILCOX COMPANY et al., Third-Party Defendants.

Civ. A. Nos. 69–798, 69–799.

United States District Court,
W. D. Pennsylvania.

Dec. 7, 1971.

David E. Cohen, Uniontown, Pa., J. M. Maurizi, Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for plaintiffs.

Theodore O. Struk, Thomas W. Smith, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

TEITELBAUM, District Judge.

These are personal injury actions in which the plaintiffs have founded the jurisdiction of this Court on the diversity of citizenship alleged to exist between the parties. The plaintiffs are alleged to be citizens of Pennsylvania, and the defendant, Paulsen-Webber Cordage Corporation, a citizen of New York. Paulsen-Webber contests the allegation of its citizenship, and, asserting that it is a citizen of Pennsylvania by virtue of the location of its principal place of business, has filed a Motion to Dismiss for want of federal jurisdiction.

Section 1332(c) of Title 28, United States Code provides that, in determining whether or not citizenship between parties is diverse,

" . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

The defendant was incorporated in New York. It contends, however, that its principal place of business is in Pennsylvania.

■ The controlling legal standards by which to assess the facts in fixing a corporation's principal place of business are set forth in Kelly v. United States Steel Corporation, 284 F.2d 850 (3d Cir. 1960). There the issue concerned United States Steel Corporation's principal place of business. The Court decided that the center of operational activities rather than the situs of corporate policy and decision making indicated the principal place of business. Of "lesser importance" to the Court but nonetheless of "some significance" were the locations of the corporation's physical plants, tangible assets, and employees. Further, it is the law that only the incidents of the defendant corporation are relevant, i. e., its corporate veil is generally not to be pierced for the purpose of aggregating its corporate incidents with those of its subsidiary companies. Carnera v. Lancaster Chemical Corporation, 387 F.2d 946 (3d Cir. 1967), cert. denied, 390 U.S. 1027, 88 S. Ct. 1418, 20 L.Ed.2d 285; see Zubik v. Zubik, 384 F.2d 267 (3d Cir. 1967), cert. denied, 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968).

■ In the instant actions, the application of these principles fixes the principal place of Paulsen-Webber's business in Pennsylvania. While Frederick Paulsen, the president, sole stockholder, and principal decision-maker of Paulsen-Webber, maintains his office in New York at corporate headquarters, the center of the defendant's operational activities is in Pennsylvania. Not counting its subsidiary companies' operations (which are relatively insignificant in any event), virtually all of the defendant's (1) products are manufactured in Pennsylvania, and (2) tangible assets are located in Pennsylvania. Further, the Pennsylvania operations account for the majority of the defendant's employees and the plurality of its customers and sales. The only sound conclusion is that the defendant's principal place of business is in Pennsylvania. Therefore, its Motion to Dismiss must be granted.