Deeter-Ritchey-Sippel Associates, Appellant, *v.* Westminster College.

Argued April 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert W. Doty,* with him *Roderick G. Norris,* and *Eckert, Seamans, Cherin & Mellott,* for appellant.

*Charles M. Thorp, III,* with him *Clyde A. Armstrong,* and *Thorp, Reed & Armstrong,* for appellee.

OPINION BY JACOBS, J., February 2, 1976:

In June of 1971, Deeter-Ritchey-Sippel Associates [hereinafter appellant], a professional corporation engaged in the practice of architecture in Allegheny County, entered into a contract with Westminster College, a non-profit corporation located in Lawrence County, for the design of a new "Science Resources Center" for the campus. After difficulties arose between the parties, the college terminated the contract in early 1972. The appellant immediately ceased working on the project and subsequently filed suit in Allegheny County to recover fees allegedly accrued at the time the relationship was severed.

The college filed preliminary objections challenging the venue in Allegheny County and requesting that the action be transferred to Lawrence County.[1] The court sustained the objections and transferred the action, and this appeal from that order followed.[2]

The corporate venue rule, Pa.R.C.P. 2179, provides that:

> "a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business. [punctuation sic] (3) the county where the cause of action arose; or (4) a county where a transaction or occurrence took place out of which the cause of action arose. . . ."[3]

These prerequisites to venue are stated in the disjunctive and acts triggering any one of the subsections are sufficient to attach venue. It is, of course, necessary to examine the factual background of the case to determine whether venue properly lies.

The appellant contends that the cause of action arose in Allegheny County, alleging that the contract was breached in Pittsburgh. The appellant contends that the contract was terminated at a meeting in Pittsburgh on January 13, 1972, when a delegation representing the college informed the appellant that the college planned to

---

1. *See* Pa.R.C.P. 1006(e).

2. The order, sustaining preliminary objections challenging venue, is properly appealable under the Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672 (1953). *See Helsel v. Rodgers,* 440 Pa. 516, 519, 269 A.2d 917, 919 (1970) ("objections to venue are jurisdictional and orders relating thereto are appealable under the Act of 1925."); *Guthan v. Philadelphia,* 433 Pa. 263, 249 A.2d 557 (1969); *United States Cold Storage Corp. v. Philadelphia,* 431 Pa. 411, 246 A.2d 386 (1968); *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A.2d 753 (1967).

3. Pa.R.C.P. 2179(a).

sever the relationship. The appellant contends that this was a breach by anticipatory repudiation. *See, e.g.,* Restatement, *Contracts* §318(a) (1932). The record supports the court's finding, however, that this was an informal meeting held to discuss the problems surrounding the parties' relationship and that no anticipatory breach occurred at this meeting. The record supports the conclusion that the alleged breach occurred on March 4, 1972, at a meeting of the Executive Committee of the Board of Trustees of the college which was held at the college in Lawrence County. Therefore, we conclude that venue could not be premised on Pa.R.C.P. 2179(a)(3).

The appellant next contends that a "transaction or occurrence" out of which the cause of action arose occurred in Allegheny County thus predicating venue on 2179(a)(4). Appellant contends that Pittsburgh was the situs of contract formation. Although contract formation is a "transaction or occurrence" under subsection (4), *Craig v. W. J. Thiele & Sons, Inc.,* 395 Pa. 129, 149 A.2d 35 (1959), the record supports the lower court's finding that the contract was formed in Lawrence County. The dispute arises from the deletion by the college of one paragraph prior to signing the contract. Appellant contends that this act, under familiar contract principles, changed the acceptance into a counteroffer which was then accepted by the appellant in Pittsburgh. *See Hedden v. Lupinsky,* 405 Pa. 609, 176 A.2d 406 (1962); Restatement, *Contracts* §60 (1932). The record reveals, however, that the parties were discussing the proposed deletion and that the appellant consented to the deletion prior to the time the contract was returned to it. We thus cannot say that the court erred in determining that the contract was formed in Lawrence County.

Appellant next contends that its work on the project, specifically the preparation of the drawings, specifications and a scale model, was performed in Allegheny County and that this is a "transaction or occurrence"

out of which the cause of action arose. *See County Constr. Co. v. Livengood Constr. Corp.*, 393 Pa. 39, 142 A.2d 9 (1958). We disagree with this contention. Accepting that total performance is a sufficient "transaction or occurrence" upon which to rest venue, the work produced by the appellant herein was at most part performance, and perhaps but preparation for performance. *See Williston on Contracts* §§60A, 874 (13th ed. 1962); *compare* Restatement, *Contracts* §45 (1932), *with* §318, Comment i. Part of a transaction is insufficient to sustain venue. *Craig v. W. J. Thiele & Sons, Inc.*, supra.

Appellant's final contention is that venue properly may be predicated upon Pa.R.C.P. 2179(a)(2) because the college "regularly conducts business" in Allegheny County. Appellant premises this argument upon three activities of the college in Allegheny County: the solicitation of funds, the recruiting of students and the regular meeting of the college's board of trustees in Pittsburgh.

It cannot be denied that the continuous inflow of contributions from friends and alumni is essential to the survival of a small liberal arts college; yet this Court is not prepared to declare that such solicitation is the "conduct" of business of an educational institution. To so hold potentially would subject a college or university to the burdens of defending a suit in every county and state from which it received a contribution from a grateful alumnus. In today's mobile society the myriad potential forums are virtually immensurable.[4]

The same conclusion follows as to the recruiting of students. The record discloses that representatives of the

---

4. We find the case of *Zucker v. Baker*, 35 Misc.2d 841, 231 N.Y.S.2d 332 (Supreme Ct., Queens County 1962) clearly distinguishable. Therein M.I.T. was found to have conducted business in New York City when it maintained and staffed a full time office in the city for the purpose of soliciting funds. The case at bar does not involve jurisdiction over a foreign corporation and the record discloses no activities which approach the substantial presence revealed in *Zucker*.

college visit high school counselors in most, if not all, of the counties in the Commonwealth. Whereas such activities are important and necessary to the business of the college, we cannot conclude that in the context of a non-profit corporation such activities are themselves the conducting of business.

Appellant's final contention is that the regular meeting of the board of trustees and some of its committees in Pittsburgh is sufficient to attach venue in Allegheny County. The Court in *Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.*, 433 Pa. 291, 295, 249 A.2d 299, 302 (1969) noted that one of the purposes of Rule 2179 is "to assure that the county selected ha[s] a substantial relationship to the controversy between the parties. . . ." Keeping this purpose in mind, we conclude that the situs of corporate policy making is insufficient alone to satisfy the standard of "regularly conducts business." The center or locations of operational activity are, we conclude, more pertinent. *Cf., Kelly v. United States Steel Corp.*, 284 F.2d 850 (3d Cir. 1960); *Horwat v. Paulsen-Webber Cordage Corp.*, 336 F. Supp. 1020 (W.D. Pa. 1971); *Brown v. Kingsport Publishing Corp.*, 321 F. Supp. 1352 (E. D. Tenn. 1971); *Anniston Soil Pipe Co. v. Central Foundry Co.*, 216 F. Supp. 473 (N.D. Ala. 1963), *aff'd*, 329 F.2d 313 (5th Cir. 1964).

Order affirmed.

HOFFMAN and SPAETH, JJ., concur in the result.