**Shoemaker v. Fuhrer**

*C. Kent Price*, of *Gill, Lederer, Rayback & Price*, for plaintiff.

*Lawrence C. Bolla*, of *Quinn, Gent, Buseck & Leemhuis*, for defendants.

SHARP, *P.J.*, April 20, 1978—This matter is before the court on preliminary objections filed by defendants raising the issue of venue in this court and for a more specific pleading. Because the preliminary objection as to improper venue raises questions of fact which are not answered in the pleadings themselves, the court can consider evidence presented "by depositions or otherwise." See Pa.R.C.P. 1028(c); 2 Goodrich-Amram 2d §1028(c): 2. The parties have agreed to submit the matter for determination on briefs, and under Pa.R.C.P. 1028(c) the court can consider evidence as presented in the parties' briefs, as well as in the pleadings, in deciding whether venue is proper.

The evidence shows that plaintiff, Richard Shoemaker, resides in Centre County, Pennsylvania, and defendants Terrance and Mary Lou Fuhrer reside in Erie County, Pennsylvania, where they own a gas station and garage, Fuhrer Sunoco and Garage. On or about January 10, 1977, an employe of plaintiff came to defendants' garage and requested that the Fuhrers repair a 1969 Chevrolet automobile owned by plaintiff. The Fuhrers made the requested repairs. After some dispute and a lawsuit in Erie County instituted by the Fuhrers, full payment was made by Shoemaker for these repairs.

Following payment by Shoemaker, he instituted an action before the State College magistrate alleging that the repairs performed by the Fuhrers were defective and claimed damages. The Fuhrers did

not appear for the hearing before the magistrate and a judgment was entered on November 30, 1977, in favor of Shoemaker. Following entry of this judgment defendants appealed and requested that Shoemaker file a complaint as provided in Pa.R.C.P.J.P. 1004.

Plaintiff's complaint in assumpsit, filed in Centre County, alleges that the repairs made by the Fuhrers on January 10, 1977, were defective; that the automobile required additional repair work to correct the alleged defective repairs, and that such additional work was done by Stocker Chevrolet in Centre County.

## DISCUSSION

The controlling Pennsylvania Rule of Civil Procedure with respect to venue, Rule 1006, provides in pertinent part:

"(a) Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."

The exceptions set forth in Pa.R.C.P. 1006(b) and (c) are not relevant to the present case. Further, plaintiff does not assert that defendants are subject to service in Centre County, or that the contract for repair upon which plaintiff's cause of action is based arose in Centre County. Plaintiff does not assert that defendants performed any actions in Centre County which were breaches of that contract. Rather, plaintiff asserts that the alleged defective repairs were discovered and corrected in

Centre County by a dealer located there, and that these acts can be considered "a transaction or occurrence . . . out of which the cause of action arose" so that venue is properly laid in Centre County.

The Pennsylvania courts have interpreted the phrase "transaction or occurrence" narrowly. In Craig v. W.J. Thiele & Sons, Inc., 395 Pa. 129, 149 A. 2d 35 (1959), which involved an action in assumpsit for defective performance of a contract for the sale of personal property, the court held that the place of performance of one of several steps taken in formation of a contract is not sufficient to constitute a "transaction or occurrence" upon which venue can be laid. In Deeter-Ritchey-Sippel Associates v. Westminster College, 238 Pa. Superior Ct. 194, 357 A. 2d 608 (1976), the court held that while total performance of a contract is a sufficient "transaction or occurrence" upon which to rest venue in an assumpsit action, part performance of a contract entered into in another county is insufficient to sustain venue. See also Pelesky v. Larsen, 70 D. & C. 2d 784 (Somerset County 1975).

In Brough v. Carl Cook Auto Sales, Inc., 75 D. & C. 2d 132 (Cumberland County 1976), the court was faced with an argument analogous to plaintiff's argument in the case at bar. In Brough, plaintiff was a resident of Cumberland County. Defendant was a car dealer in York County. Plaintiff purchased a car from defendant, the contract being entered into in York County. Subsequently a fire destroyed the car while parked in Cumberland County. Plaintiff brought suit in Cumberland County, alleging that the fire was a result of a defect in the electrical system. Defendant, by preliminary objection, raised the issue of venue. Plaintiff argued that the fire was an "occurrence" out of

which the cause of action arose. The court rejected this argument holding, inter alia, (syllabus) that "In an action of assumpsit for breach of warranty, the cause of action, for purposes of venue, arises in the county where the warranty was made, i.e., where the sale took place, and not in the county where the alleged breach of warranty became evident."

Plaintiff's additional assertion that defendants waived their right to object to improper venue by failing to appear and contest venue at the magisterial level is without merit: Pa.R.C.P.J.P. 1007(a) provides that the proceeding on appeal from a judgment entered by a magistrate shall be de novo "in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas."

Therefore, the court holds that this case should properly be held in Erie County. Having made this determination, we need not proceed to the issues raised by defendants' motion for more specific pleading.

We accordingly enter the following

## ORDER

And now, April 20, 1978, defendants' preliminary objection to venue is sustained. Because it appears that venue properly lies in Erie County, and under authority of Pa.R.C.P. 1006(e), the prothonotary is directed to transfer the record in this matter to the prothonotary of Erie County; cost of transfer is to be paid by plaintiff.