## Dentrust Dental P.C. v. Correctional Physicians Services Inc.

C.P. of Bucks County, no. 96-7473-14-1.

*David L. Marshall,* for plaintiff.
*David G. C. Arnold,* for defendant.

BIESTER, *J.,* March 27, 1997—On October 10, 1996, plaintiff, Dentrust Dental, filed the instant complaint against defendant, Correctional Physicians Services Inc., alleging breach of contract, promissory estoppel and breach of a duty to negotiate in good faith. The defendant, CPS, filed preliminary objections to the plaintiff's complaint which are now before the court.

Given the procedural posture of this case, the following facts are taken from the plaintiff's complaint and certain depositions. Dentrust is a corporation that provides on-site dental care, dental supplies, dental equipment and dental laboratory services. Dentrust is located in Richboro, Pennsylvania, Bucks County. CPS is a Pennsylvania corporation located in Blue Bell, Montgomery County.

In 1996, Erie County announced a proposal to change the delivery of medical and dental services to inmates in the Erie County Correctional Facilities.

Dentrust visited Erie County and spoke with the county's representative concerning the types of dental services needed by the facilities. Dentrust has extensive experience in providing on-site dental services in correctional facilities. On or about June 19, 1996, a representative of CPS contacted Dentrust. CPS asked Dentrust to submit a subcontractor bid regarding the supply of dental services in the Erie County Correctional Facilities. CPS was in the process of submitting a bid to Erie County for complete medical and dental services

for its correctional facilities. CPS asked Dentrust to prepare a letter of intent.

On June 20, 1996, Dentrust sent a letter to CPS. In this letter, Dentrust confirmed its intentions to negotiate and provide on-site dental care, dental supplies and dental equipment to the Erie County Correctional Facilities as a subcontractor for CPS should CPS be awarded the contract by Erie County. Dentrust also agreed to provide CPS with significant information regarding administrative requirements, staffing plans, pricing information, and equipment needs for the proposed dental system at Erie County Prison. In return, *CPS agreed that by signing the letter it committed itself to include and use Dentrust as a subcontractor to provide the dental component of its proposal and operation to Erie County Prison should CPS receive the award from Erie County Prison.* Representatives from both sides signed the agreement. On June 21, 1996, Dentrust faxed from Richboro, Bucks County, to CPS its specifications for performing the Erie County contract. Subsequently CPS was awarded the Erie County contract, but it did not use Dentrust as the subcontractor to provide the dental component.

On October 10, 1996, Dentrust filed the instant complaint against CPS. In its complaint, Dentrust contends that CPS is liable to it for damages based on three theories: (1) breach of contract; (2) promissory estoppel; and (3) breach of duty to negotiate in good faith. In addition to the monetary damages sought by Dentrust, Dentrust seeks attorney's fees and punitive damages. On November 6, 1996, CPS filed preliminary objections to plaintiff's complaint. CPS preliminarily objects to the complaint on several grounds: (1) venue is not proper in Bucks County; (2) Pennsylvania does not recognize a cause of action for the breach of a duty to negotiate

in good faith; and (3) it would be improper to award attorney's fees or punitive damages in this action.

It should be noted that the contract negotiations began with a request from CPS in Montgomery County to Dentrust in Bucks County to provide a "letter of intent" pursuant to which Dentrust would divulge confidential pricing and other information. The ultimate letter was in the form of a contract and was signed by Dentrust in Bucks County and accepted by CPS in Montgomery County.

CPS argues that venue is improper in Bucks County under Pennsylvania Rule of Civil Procedure 2179. Pennsylvania Rule of Civil Procedure 2179 provides:

"Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose, or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 2179(a) (1)(2)(3)(4), Pa.C.S. 2179 (1)(2)(3)(4).

It appears undisputed by both parties to this action that (1) and (2) do not apply here. Then, the issue is whether or not Bucks County is a county where the cause of action arose or a county in which a transaction or occurrence took place out of which the cause of action arose.

It is important to distinguish between the contract of June 21, 1996 which plaintiff alleges committed CPS to utilize Dentrust in the contract with Erie County, and any ultimate contract between CPS and Dentrust

which would in detail spell out the actual pricing and other traditional business terms for the service to Erie County. It is important to note that this complaint is predicated, inter alia, upon a breach of the June 21, 1996 contract. By the terms of that contract Dentrust agreed to provide CPS with information, including administrative requirements, staffing plans, pricing information and equipment needs for the proposed dental system at the Erie County Prison, and CPS agreed that it was committing to include and use Dentrust Dental P.C. as a subcontractor to provide the dental component of its proposal and operation to Erie County Prison should CPS receive the award from Erie County. CPS further covenanted not to divulge any pricing costs or other information provided by Dentrust to any third party.

Pursuant to the execution of this contract, Dentrust provided CPS with the information CPS had requested. Therefore, Dentrust fully performed all of its requirements under the contract of June 21, 1996. That performance occurred in Bucks County inasmuch as the material was forwarded from Dentrust's offices in Bucks County to CPS' offices in Montgomery County.

We recognize that the provision of this confidential information, which is the full performance by Dentrust under the June 21, 1996 contract, is a continuous event beginning with the faxing in Bucks County and ending with the receiving in Montgomery County. But the essence of the performance of a contract is the act of the party who is performing, and once that set of documents was placed in the stream of electronic mail, the act of performance on the part of Dentrust had been fully accomplished. Under the circumstances, and on the current state of the record, it seems clear that Dentrust

fully performed its duties under the June 21, 1996 contract in Bucks County.

We note that the applicant bears the burden of proving that a change of venue is necessary, while a plaintiff generally is given the choice of forum so long as the requirements of personal and subject matter jurisdiction are satisfied. *Purcell v. Bryn Mawr Hospital, infra.*

The consequences of full performance having occurred in Bucks County are considerable. See *Deeter-Ritchey-Sippel Associates v. Westminster College*, 238 Pa. Super. 194, 357 A.2d 608 (1976). *Deeter* was overruled by the Superior Court in *Purcell v. Bryn Mawr Hospital*, 379 Pa. Super. 626, 550 A.2d 1320 (1988). *Purcell* was itself reversed by the Supreme Court on appeal at 525 Pa. 237, 579 A.2d 1282 (1990).

The Superior Court in *Deeter* held the performance by the plaintiff in Allegheny County was not a transaction or occurrence out of which the cause of action arose because the performance was only partial and preliminary. We note the following language by the Superior Court:

"Appellant next contends that its work on the project, specifically the preparation of the drawings, specifications and a scale model, was performed in Allegheny County and that this is a 'transaction or occurrence' out of which the cause of action arose. See *County Construction Company v. Livengood Construction Corp.*, 393 Pa. 39, 142 A.2d 9 (1958). We disagree with this contention. *Accepting that total performance is a sufficient 'transaction or occurrence' upon which to rest venue*, the work produced by the appellant herein was at most part performance and perhaps but preparation for performance. [Citing Williston, and the Restatment.] Part of a transaction is insufficient to sustain venue. *Craig v. W. J. Thiele & Sons Inc.* [395 Pa. 129,

149 A.2d 35 (1959).]." *Deeter, supra* at 197-98, 357 A.2d at 611. (emphasis added)

On the current state of the record, the plaintiff fully performed all of its requirements under the June 21, 1996 contract. Full performance constitutes a transaction or occurrence upon which venue may rest; therefore, venue is proper in Bucks County.

CPS next argues that Dentrust cannot maintain a cause of action for a breach of a duty to negotiate in good faith because Pennsylvania does not recognize such a cause of action. While Pennsylvania may not recognize an independent cause of action for breach of a duty to negotiate in good faith, it does recognize the fact that every contract carries with it an obligation to act in good faith pursuant to the obligations undertaken in that contract. "Every contract or duty within this title imposes an obligation to act in good faith in its performance or enforcement." 13 Pa.C.S. §1203. See *AM/PM Franchise Association v. Atlantic Richfield Co.*, 373 Pa. Super. 572, 542 A.2d 90 (1988), *appeal granted*, 522 Pa. 617, 563 A.2d 886 (1989), *affirmed in part, reversed in part* (on unrelated grounds to our application here), 526 Pa. 110, 584 A.2d 915 (1990).

Here, Dentrust argues that CPS' failure to negotiate in good faith reflects a deliberate breach of the June 21, 1996 contract. Therefore, the complaint addresses the obligation of good faith recognized under general contract law. In that respect, Dentrust has pled a cause of action.

Next, and third, CPS argues that it would be improper to award attorney's fees or punitive damages in this action. We find that the complaint does not in its present form support punitive damages nor does it provide material which would warrant attorney's fees. Therefore, we sustain the defendant's preliminary objections to

the prayer for counsel fees and to the ad damnum clause to the extent that it prays for punitive damages, we therefore enter the following

## ORDER

And now, March 27, 1997, upon consideration of the several preliminary objections of the defendant and the briefs and arguments with respect thereto, we deny and overrule the defendant's preliminary objections with respect to the venue, and we deny and overrule defendant's preliminary objections with respect to the count based upon failure to negotiate in good faith, and we sustain the defendant's preliminary objections to punitive damages and counsel fees, and the counts and prayers expressing demand for counsel fees and punitive damages are stricken.