## Morgan v. Confidential Services Inc.

*Jonathan Cohen,* for plaintiff.
*Michael J. Cawley* and *Leanne Alsen Waldie,* for defendant Confidential.
*Julie Snyder,* for defendant DSU.
*Raymond L. Cobb,* for defendant J.R. Gettier & Assocs.

QUIÑONES ALEJANDRO, *J.,* May 31, 2002—

## INTRODUCTION

Andrew Morgan, plaintiff, argues on appeal that this motion judge erred in sustaining the preliminary objections filed by defendant Delaware State University which challenged venue and this court's personal jurisdiction over said defendant. This motion judge disagrees, in part.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Briefly, the relevant facts of this case, as defined by the pleadings, exhibits, and memoranda submitted in support of the parties' respective pleadings, are as follows:

Plaintiff is an adult individual and a citizen of the State of Delaware, residing at 3400 Philadelphia Pike, Unit no. 302, Claymont, Delaware.

Confidential Services Inc., (defendant Confidential) is a corporation in the business of providing security services with its registered office and place of business on

Route 1 at Five Points, P.O. Box 80, Lewes, Delaware 19558.

J.R. Gettier and Associates (defendant Gettier) is a corporation in the business of providing security and investigative services, with its registered office at 100 North Maryland Avenue, Wilmington, Delaware.

Delaware State University (defendant DSU) is an educational institution located at 1200 North DuPont Highway, Dover, Delaware. Defendant DSU, through its athletic department, maintains a football team known as the "Hornets."

Michael J. Kargbo (defendant Kargbo), at the time of this incident was an adult citizen of the State of Delaware residing at 827 Donaldson Street, Dover, Delaware,[1] and a member of the DSU "Hornets" football team.

On January 24, 1999, plaintiff attended a homecoming party sponsored by defendant DSU at the university's Dover Campus, Martin Luther King Hall, and wherein defendants DSU, Confidential, and Gettier provided the security personnel. At some point in time, plaintiff was allegedly bumped on the back by defendant Kargbo. When plaintiff confronted him as to the reason he had bumped plaintiff, defendant Kargbo threw a punch at plaintiff, missed, and then allegedly lunged at plaintiff. Various members of defendant DSU Hornets' football team, who were present, allegedly grabbed plaintiff and assaulted him. Plaintiff managed to break free and ran toward the security officers seeking protection. Allegedly, the security officers offered no assistance. The altercation continued and defendant Kargbo threw a chair

---

1. Defendant Kargbo currently resides in Highland Park, New Jersey.

at plaintiff, striking him on the head, causing severe and permanent physical injuries.

Procedurally, the record indicates that:

On January 19, 2001, plaintiff filed a complaint against the above-named defendants in the Court of Common Pleas, Philadelphia County, Pennsylvania.

On March 19, 2001, and on April 9, 2001, defendants DSU and Confidential, respectively, filed preliminary objections on the grounds of an improper venue.[2]

On April 30, 2001, plaintiff filed preliminary objections to the preliminary objections filed by defendant Confidential arguing that said defendant filed untimely preliminary objections.

On June 4, 2001, these preliminary objections and the responses thereto were assigned to this motion judge. By orders dated June 13, 2001, this motion judge overruled the preliminary objections filed by defendant Confidential and sustained plaintiff's preliminary objections on the issue of untimely filing. On plaintiff's request, the preliminary objections filed by defendant DSU were held in abeyance for 45 days to allow *limited* discovery on the issue of venue.

On July 10, 2001, defendant Confidential filed an answer with new matter and new matter cross-claim to plaintiff's complaint.

On July 26, 2001, plaintiff filed a petition for extraordinary relief to extend the time to conduct the limited discovery on the issue of venue. By order dated August 14, 2001, this motion judge granted said petition and al-

---

2. No other party defendants filed preliminary objections to the complaint.

lowed an additional 30 days in which to conduct discovery.

On September 13, 2001, plaintiff filed a second petition for extraordinary relief, which was denied by this motion judge by order dated September 28, 2001.

On February 7, 2002, not having received any supplemental briefs from any party on the pending preliminary objections, this motion judge sustained defendant DSU's preliminary objections[3] and ordered the transfer of this matter to the Superior Court of Delaware, where an identical action, commenced three days after commencement of the instant action, was pending.[4]

On February 12, 2002, plaintiff filed a motion seeking clarification as to which defendant(s) the February 7, 2002 order applied. By order dated February 21, 2002, this motion judge affirmed the February 7, 2002 order, and clarified that the transfer of this matter pertained to all defendants.

Dissatisfied, plaintiff on March 6, 2002, filed the instant appeal.

3. Due to a court administration error, the assignment date for defendant DSU's preliminary objections and plaintiff's reply was not updated in accordance with the order dated August 14, 2001. Apparently, plaintiff's second petition for extraordinary relief was mistakenly referenced on October 1, 2001, in regard to defendant DSU's preliminary objections. It was not until defense counsel brought to this motion judge's attention the fact that defendant DSU's preliminary objections had not yet been disposed that these were finally assigned and ruled upon on February 7, 2002.

4. *Andrew Morgan v. Confidential Services, J.R. Gettier & Associates, Delaware State University Inc. d/b/a Delaware State University,* Michael J. Kargbo, Superior Court of the State of Delaware in and for New Castle County, C.A. no. 01-209-SFSS.

## ISSUE

In response to an order issued in accordance with Pa.R.A.P. 1925(b), plaintiff on April 1, 2002, filed of record a statement of matters complained of on appeal and argued that this motion judge erred:

"(1) in sustaining defendant DSU's preliminary objections to venue where:

"(a) another corporate defendant's objections to jurisdiction and venue were overruled;

"(b) one corporate defendant never filed preliminary objections;

"(c) one defendant never responded to the complaint; and

"(2) in transferring the action to another state when a state court cannot do so."

## LAW AND DISCUSSION

Undisputedly, the proper way to challenge venue and/ or in personam jurisdiction is by the filing of preliminary objections. Pa.R.C.P. 1006(e) and 1028(a)(1); *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000); *Lox, Stock & Bagels Inc. v. Kotten Machine Co. of California Inc.,* 261 Pa. Super. 84, 395 A.2d 954 (1978). Questions of venue and/or in personam jurisdiction must be raised at the first reasonable opportunity, otherwise, these are deemed waived. Rule 1006(e). *Kubik, supra.* As the moving party, a defendant has the burden of supporting the objection to jurisdiction. *Hall-Woolford Tank Co. Inc. v. R.F. Kilns Inc.,* 698 A.2d 80 (Pa. Super. 1997). Only when the moving party has properly raised and supported the jurisdiction issue (beyond bare allegations as set forth in

the preliminary objections), does the burden of proving jurisdiction fall upon the party asserting it. *Hall, supra.*

A trial/motion judge has the discretion to sustain or overrule preliminary objections that challenge venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). A court's ruling will depend on the facts of the particular case and will not be disturbed if the decision is reasonable in light of the facts. *Sunderland v. R.A. Barlow Homebuilders,* 791 A.2d 384 (Pa. Super. 2002); *Masel v. Glassman,* 456 Pa. Super. 41, 45 689 A.2d 314, 316 (1997). "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Estate of Werner ex rel. Werner v. Werner,* 781 A.2d 188, 190 (Pa. Super. 2001); *Masel, supra* at 45, 689 A.2d at 316. (citation omitted) It is understood that a plaintiff's choice of forum is to be given great weight and it is the defendant who has the burden in asserting a challenge to the plaintiff's choice of venue. *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993).

If a preliminary objection to venue is sustained and there is a county of proper venue within the state, the action shall not be dismissed but shall be transferred to the appropriate court of that county. Pa.R.C.P. 1006(e). Conversely, if there is not a county of proper venue within the state, the action shall be dismissed. See 42 Pa.C.S. §5322(e).

As to venue, the rules of civil procedure provide that an action against an individual may be brought: "in and only in a county in which the individual may be served or in which the *cause of action arose* or where *a transaction or occurrence took place* out of which the cause

of action arose or in any other county authorized by law. Pa.R.C.P. 1006(a). (emphasis added)

As for personal actions against a corporation or similar entity, Rule 2179(a) provides that these actions may be brought in and only in:

"(1) the county where the registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where the transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 2179(a).

The standard of review of an appeal from an order sustaining preliminary objections which challenges a trial court's personal jurisdiction over a party is as follows:

"[W]hen preliminary objections, if sustained, would result in a dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt. . . . Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party. However, once the moving party has supported his objection to jurisdiction, the burden of proof shifts to the party asserting jurisdiction." *Efford v. The Jockey Club,* 2002 WL 509553 (Pa. Super.) (citations omitted); *Fidelity Leasing Inc. v. Limestone County Board of Education,* 758 A.2d 1207, 1210 (Pa. Super. 2000); *Grimes v. Wetzler,* 749 A.2d 535, 538 (Pa. Super. 2000), *app. denied,* 564 Pa. 722, 766 A.2d 1249 (2001), *cert. denied,* 121 S.Ct. 2539 (U.S. Pa. 2001).

Here, plaintiff initially argues that this motion judge erred when sustaining defendant DSU's preliminary ob-

jections, and implicitly suggests that this court has jurisdiction over defendants, and, in particular, over defendant DSU. However, it is undisputed that none of the parties resides and/or maintains a registered office or principal place of business in Philadelphia County or, for that matter, in Pennsylvania. It is further agreed that the defendants, at the time of the alleged assault, resided and/or maintained a registered office or principal place in the State of Delaware. It is also unchallenged that the alleged assault or cause of action occurred in the City of Dover, in the State of Delaware. Therefore, upon consideration of the above-cited rules, the *only* issue to decide is whether, for purposes of jurisdiction and venue, defendant DSU regularly conducts business in Philadelphia County, thus establishing sufficient contact in Philadelphia County. This determination affects this court's jurisdiction over defendants.

This motion judge recognizes that the courts in Pennsylvania retain personal jurisdiction over non-residents to the fullest extent permitted by the United States Constitution. *Efford, supra; GMAC v. Keller,* 737 A.2d 279, 281 (Pa. Super. 1999); 42 Pa.C.S. §5322. There are two legal bases by which Pennsylvania courts may exercise jurisdiction over an out-of-state defendant; to wit: (1) specific jurisdiction (pursuant to 42 Pa.C.S. §5322) based upon specific acts of the defendant which gave rise to the cause of action, or (2) general personal jurisdiction (pursuant to 42 Pa.C.S. §5301) based upon a defendant's general activity within the state. See also, *Hall-Woolford Tank Co., supra* at 82; *Kubik v. Letteri,* 532 Pa. 10, 614 A.2d 1110 (1992).

Pennsylvania may exercise personal jurisdiction over non-residents if it comports with the state's long arm stat-

utes (42 Pa.C.S. §§5301 and 5322), and with the due process clause of the Fourteenth Amendment of the United States Constitution. *McCall v. Formu-3 Intern Inc.,* 437 Pa. Super. 575, 650 A.2d 903 (1994), *app. denied,* 541 Pa. 640, 663 A.2d 692 (1995). Specifically, section 5322 provides in its relevant portions:

"(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

"(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

"(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(iii) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(iv) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

"(v) The ownership, use or possession of any real property situate within this Commonwealth.

"(2) Contracting to supply services or things in this Commonwealth.

"(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

"(4) Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

"(5) Having an interest in, using, or possessing real property in this Commonwealth. . . .

"(10) Committing any violation within the jurisdiction of this Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit." 42 Pa.C.S. §5322.

Section 5301 provides in its relevant part:

"(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative: . . .

"(2) Corporations.—

"(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

"(ii) Consent, to the extent authorized by the consent.

"(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth." 42 Pa.C.S. §5301(2).

In order to meet constitutional muster, a defendant's contacts with the forum state must be such that the defendant could reasonably anticipate being called to defend itself in the forum. *Kubik, supra; Fidelity Leasing Inc., supra.* Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. *Fidelity Leasing Inc., supra.* That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself to the forum's privileges and benefits such that it should also be subjected to the forum state's laws and regulations. *Id.* at 1211. (citation omitted)

As defined, this motion judge opines that this court lacks *specific* personal jurisdiction over defendant DSU as the alleged wrongdoing of defendants occurred in Dover, Delaware. Plaintiff appears to agree with this opinion and argues that this court has *general* personal jurisdiction over defendant DSU based on its activities in this Commonwealth which, plaintiff claims, are the following:

(1) continuously and systematically recruiting students in Philadelphia;

(2) participating in college fairs in Pennsylvania;

(3) accepting scholarship funds from the Philadelphia Education Fund;

(4) sending Delaware State University athletic teams to competitions in Philadelphia;

(5) requiring Delaware State University science students to engage in research projects at university campuses, including University of Pennsylvania and Penn State University; and

(6) by engaging in membership activities with Pennsylvania and Philadelphia-based educational organizations.[5]

In its rebuttal, defendant DSU contends that its activities in Philadelphia and/or Pennsylvania are minimal and consist of the following:[6]

(1) minimal recruitment;[7]

(2) minimal attendance at college fairs;[8]

(3) few athletic competitions;[9]

(4) as to research projects, no DSU science students participate in research projects at either the University of Pennsylvania or Penn State University; and

(5) as to educational organization membership, DSU does not belong to any Philadelphia-based educational organizations.

---

5. Plaintiff s memorandum of law in opposition to defendant Delaware State University's preliminary objections to plaintiff's complaint, p. 2.

6. Defendant Delaware State University's memorandum of law in support of its preliminary objections to plaintiff's complaint, p. 4; affidavit of Clifton Coleman, Director of Human Resources at DSU.

7. One point one percent of the high schools DSU admissions officers visited last year were in Pennsylvania, basically four of the 350 total high schools visited;

8. Five point seven percent of the college fairs DSU admissions representatives attended last year were in Philadelphia, or two of the 35 total college fairs visited.

9. Point seventy-eight percent of DSU's athletic events per year occur in Philadelphia or two of DSU's 255 total games.

While there is little guidance from Pennsylvania appellate courts as to what type of activities would subject an out-of-state university or college to in personam jurisdiction, other courts have held that substantial recruitment activities, visiting professor programs, and revenue-generating athletic events are insufficient for a court to exercise personal jurisdiction over an [out-of-state] educational institution, *Gallant v. Trustees of Columbia University,* 111 F. Supp.2d 638, 641 (E.D. Pa. 2000), *mand. denied,* 259 F.3d 715 (3d Cir. 2001), especially when such contacts are unrelated to the cause of action in the particular lawsuit. See *Hardnett v. Duquesne University,* 897 F. Supp. 920, 923 (D. Md. 1995). See also, *Severinsen v. Widener University,* 768 A.2d 200 (N.J. Super. 2001), *cert. denied,* 785 A.2d 434 (N.J. 2001) wherein the court held that an out-of-state university's recruitment activities in New Jersey were not so systematic, pervasive, and continuous as to support exercise of personal jurisdiction.

Here, while defendant DSU admits to participating in minimal recruitment, college fairs, and athletic events, in this motion judge's opinion, based on the cited case law and statistical data provided, defendant DSU's activities are deemed to be nominal and insufficient in Philadelphia and/or Pennsylvania, and thus, do not warrant the exercise of this court's in personam jurisdiction. Consequently, no error was committed in sustaining the preliminary objections.

If we were to consider simply the issue of venue, this motion judge opines that defendant DSU's activities do not constitute regular and systematic transactions to justify venue in Philadelphia County. In support of this opin-

ion, this motion judge relies on an appellate court holding that the solicitation of funds, the recruiting of students, and the regular meeting of the college's board of trustees in Pittsburgh are insufficient to confer venue in [a particular county]. See *Deeter-Ritchey-Sippel Associates v. Westminster College,* 238 Pa. Super. 194, 357 A.2d 608 (1976).

Further, even if defendant DSU accepted scholarship funds from the Philadelphia Education Fund, an activity denied by defendant DSU, that in and of itself, or in conjunction with the other activities which plaintiff claims defendant DSU performs in Philadelphia County, is still insufficient to establish venue in Philadelphia County. "Whereas such activities are important and necessary to the business of the college, [a court] cannot conclude that in the context of a nonprofit corporation, such activities are themselves the conducting of business." *Id.* at 199, 357 A.2d at 611. Thus, venue in Philadelphia County is improper as to defendant DSU.

Next, plaintiff contends this motion judge erred in sustaining defendant DSU's preliminary objections where another corporate defendant's preliminary objections on venue had been overruled, and where another corporate defendant did not file preliminary objections and/or an answer to the complaint. While plaintiff is correct in the basic premise of his argument as to overruling other preliminary objections, he is mistaken as to the reason for the ruling. As stated in the procedural history, these particular preliminary objections were overruled as *untimely* filed, based upon plaintiff's *own* preliminary objections challenging the timeliness of said preliminary objections. Accordingly, this ruling does not affect defendant DSU's preliminary objections since said ruling did not address

the merits of the objections, nor was there any request to reconsider the ruling. As to plaintiff's argument regarding the failure of another corporate defendant to file an answer to the complaint and/or preliminary objections, these concerns are irrelevant to the issue at hand. Plaintiff has no legal basis for the argument expounded.

Lastly, although this motion judge opines that no error was committed in sustaining defendant DSU's preliminary objections, this motion judge acknowledges that dismissal of the case, pursuant to 42 Pa.C.S. §5322(e),[10] is the proper action, and not the ordered transfer. This motion judge was swayed by the fact that plaintiff commenced an identical action in Delaware and incorrectly granted the transfer. Notwithstanding, this motion judge opines that the transfer *itself* was a harmless error and plaintiff suffered no prejudice. More properly, this action should have been dismissed.

## CONCLUSION

Based on the foregoing discussion, this motion judge is of the opinion that no error was committed in sustaining defendant DSU's preliminary objections and in determining that this court lacks in personam jurisdiction over defendant DSU. This motion judge respectfully requests that the order of February 7, 2002, be affirmed. In the alternative, this motion judge opines that the matter be dismissed.

---

10. "When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just."