Guthan *v*. Philadelphia, Appellant.

Argued November 19, 1968.   Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Matthew W. Bullock, Jr.*, Second Deputy City So-
licitor, with him *Nicholas M. D'Alessandro*, Assistant
City Solicitor, and *Edward G. Bauer, Jr.*, City Solici-
tor, for City of Philadelphia, appellant.

264

*I. B. Sinclair,* with him *Bell, Pugh, Sinclair and Prodoehl,* for appellees.

OPINION BY MR. JUSTICE EAGEN, January 15, 1969:

This action in equity against the City of Philadelphia was instituted in Delaware County. Preliminary objections to the complaint challenging proper venue were overruled in the court below, and the City of Philadelphia appeals.[1]

The plaintiffs are owners of properties in Delaware County. The properties are located near the Philadelphia International Airport which is owned and operated by the City of Philadelphia. Plaintiffs allege that the Airport is partially located in Delaware County and that certain flight patterns utilized by planes using the Airport are causing a dangerous menace and nuisance to their properties and lives. They ask that these flight patterns be enjoined. They also seek to enjoin the construction of a new runway, part of which is located in Delaware County.

The Pennsylvania Rules of Civil Procedure, Rule No. 2103(b) provides that: "An action against a political subdivision may be brought in and *only in* the county in which the political subdivision is located." (Emphasis added.) But the plaintiffs argue that since the City of Philadelphia owns and uses the property located in Delaware County, it (the City of Philadel-

---

[1] This appeal was filed under the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, which permits an appeal from an interlocutory order determining a question of jurisdiction over the defendant or the cause of action. There is a distinct difference between "venue" and "jurisdiction," but for procedural purposes we have in the past treated objections to the venue chosen by the plaintiff as raising a question of jurisdiction within the purview of the Act of 1925. See *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 246 A. 2d 384 (1968).

phia) is therefore located in Delaware County. We reject this reasoning.

The ownership of Delaware County land by the City of Philadelphia does not cause the political subdivision of Philadelphia to be located in Delaware County. Rule 2103(b) speaks of political subdivisions, not geographical or record-title subdivisions. The very service or process on the City of Philadelphia in this action indicates that the political subdivision known as Philadelphia is independent of and distinct from Delaware County.[2]

Rule 2103(b) says that "an action against a political subdivision may be brought *in and only in the County* (not the counties) in which the political subdivision is located." (Emphasis added.) By implication, a political subdivision, as the term is used in Rule 2103(b), can be located in only one county. And the fact and extent of land ownership are not the deciding factors in locating a political subdivision. Quite to the contrary, a political subdivision is an area set out by the lines of governmental powers and jurisdiction. Philadelphia is governmentally impotent in Delaware County, and the clear intent of Rule 2103(b) is to place proper venue of a suit against a county in and only in the area or jurisdiction where it exercises governmental power.

Decree reversed and complaint dismissed. Costs on appellees.

CONCURRING OPINION BY MR. JUSTICE COHEN:

Even though I join in the majority opinion, I am compelled to observe that it is highly questionable whether a cause of action in equity has been stated.

---

[2] The docket entries show that because the City of Philadelphia was outside the jurisdiction of Delaware County, the Sheriff of Philadelphia was deputized to serve the city.

It has been Congress that has, over the years, established a minutely detailed plan both for national and international air commerce which regulates every aspect of air transit. Congressional control begins with a construction of the ground facilities and ends with complete detailed supervision of flight operations, and is applicable to both commercial and private flying. It is not difficult to imagine the confusion and danger that would result from local regulation. Thus I can see no cause of action stated against the City of Philadelphia. If, however, this complaint is in the nature of securing recompense for a taking of property, *Gardner v. Allegheny County*, 393 Pa. 120, 142 A. 2d 187 (1958), succinctly holds that equity does not have jurisdiction to determine that there was a taking of property or to assess the damages resulting from a taking, if one has occurred. *Griggs v. Allegheny County*, 369 U.S. 84, 7 L. Ed. 2d 585 (1962), would support an action for Eminent Domain if the evidence demonstrated that there was a taking in the constitutional sense and would impose liability on the City of Philadelphia unless Congress has since legislated differently.

If the parties here do proceed in Eminent Domain an interesting situation develops, since the Eminent Domain Code requires such action to be instituted in the county in which the property is located; but since the condemnor here would be the City of Philadelphia, Rule 2103(b) would require the action to be brought in Philadelphia County.