## Vallo v. City of Philadelphia

126

*Donald H. Pugh,* for plaintiffs.
*John S. J. Brooks,* for City of Philadelphia.

DIGGINS, J., December 8, 1969.—Plaintiffs in each of the above-captioned matters are residents and home owners of Delaware County. Petitions were filed in each of the actions requesting the appointment of a jury of view for the alleged condemnation of their property in Delaware County and damages thereto resulting from the denial to the use of their property by airplanes ". . . taking off from and approaching the said Philadelphia International Airport above and below safe navigational airspace and flying over and around the said Philadelphia International Airport above and below safe navigational airspace." The Philadelphia International Airport is located in both Philadelphia and Delaware Counties and the said airport is owned, maintained and operated by the City of Philadelphia.

To each of the petitions, respondent, City of Philadelphia, filed preliminary objections which were three-fold in nature. In its preliminary objections, the city averred that the Court of Common Pleas of Delaware County had no jurisdiction, that the Court of Common Pleas of Delaware County lacked venue, and that plaintiffs had no justiciable cause of action.

Respondent relies primarily upon rule 2103(b) of the Pennsylvania Rules of Civil Procedure. Respondent contends that this rule provides that the City of Philadelphia can only be sued in the County of Philadelphia. Pa. R.C.P. 2103(b) provides as follows:

"(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought in and only in the county in which the political subdivision is located."

In its brief, respondent fails to mention or quote that portion of the above-stated rule which pertains to the exceptions to the rule, i.e., except when the Commonwealth is plaintiff *or when otherwise provided by an Act of Assembly*. If the latter exception were not contained in rule 2103(b), then, of course, there would be merit to respondent's contentions. However, we cannot obliterate or fail to recognize the clear meaning of this portion of rule 2103(b).

In the instant cases, the Eminent Domain Code of June 22, 1964, Spec. Sess., P. L. 84, 26 PS §1-101, et seq., is, in our opinion, applicable and pertinently provides in section 401 thereof, 26 PS §1-401, as follows:

". . . All condemnation proceedings shall be brought in the court of common pleas of the county in which the property is located. . . ."

It appears to us, therefore, that the Eminent Domain Code patently falls within the aforementioned exception to rule 2103(b) which permits an action

against a political subdivision in a county other than that in which the political subdivision is located when ". . . otherwise provided by an Act of Assembly. . . ." Further, the Eminent Domain Code became effective, as to article IV thereof, on September 1, 1964, and applied to all condemnations effective thereafter. See section 302 of the said Eminent Domain Code, 26 PS §1-302. On the other hand, Pa. R.C.P. 2103(b) became effective on January 1, 1947. Assuming, arguendo, a conflict between the code and the aforesaid rule of civil procedure, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 63, 46 PS §563, appositely provides:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

Our analysis of the aforesaid statutory provision as applied to the instant cases leads us to the conclusion that the Eminent Domain Code of 1964, and its provisions, control the instant cases. If the venue provision of the Eminent Domain Code is to be construed as "the special provision" and rule 2103(b) is construed as a "general provision," then the special provision prevails. Conversely, if the venue provision of the Eminent Domain Code is to be construed as the "general provision" (and we do not think this to be the case), then it was enacted later in time. Moreover, section 303 of the Eminent Domain Code, 26 PS §1-303, pertinently states that the act was intended to

provide *a complete and exclusive procedure and law* to govern all condemnations of property for public purposes and the assessment of damages therefor. In conclusion, it is our opinion that the provisions of the Eminent Domain Code control and govern the instant cases, provide the exclusive remedy and procedure in connection therewith, and take precedence over the provisions of Pa. R.C.P. 2103(b).

To hold otherwise would present us with an anomalous situation. The home owners would be required to file their petitions for the appointment of a jury of view in Philadelphia County (where the properties in question are not situate), the Court of Common Pleas of Philadelphia County would select members of its board of view, who would be residents of Philadelphia, and these same individuals, who would comprise the jury of view, would be limited by the Eminent Domain Code to the assessment of damages in cases where the property is situate in Philadelphia County, the properties being situate in Delaware County. It suffices to say that a conclusion permitting this procedure would be irrational and illogical at best.

These matters were previously commenced in equity in this court; preliminary objections to the equity action were dismissed by this court; thereafter, however, the Supreme Court of Pennsylvania reversed this court in Guthan v. Philadelphia, 433 Pa. 263, and held that an equity action could be commenced against the City of Philadelphia only in the county in which the political subdivision is located, i.e., in the County of Philadelphia. However, the Supreme Court was not confronted with the issues herein raised, and it is to be noted that Justice Cohen, in his concurring opinion, did raise the issue herein presented, at page 266:

130

"If the parties here do proceed in Eminent Domain an interesting situation develops, since the Eminent Domain Code requires such action to be instituted in the county in which the property is located; but since the condemnor here would be the City of Philadelphia, Rule 2103(b) would require the action to be brought in Philadelphia County."

In light of the conclusion hereinabove achieved, it is unnecessary to consider the further issue raised by plaintiffs concerning whether Pa. R.C.P. 2103(b) has application to a proprietary or nongovernmental function performed by a municipal corporation. Accordingly, we enter the following

### ORDER

And now, to wit, December 8, 1969, upon consideration of the record and briefs submitted on behalf of the respective parties and after argument, it is ordered, adjudged and decreed that the preliminary objections filed on behalf of respondent, the City of Philadelphia, in each of the above-captioned matters, be and the same are hereby dismissed.