Joseph F. Kulik, Plaintiff *v.* Robert E. Stotelmyer, Defendant.

Argued December 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joshua D. Lock,* for plaintiff.

*Kathleen Herzog Larkin,* Deputy Attorney General, with her *Lawrence Silver,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE WILKINSON, March 5, 1976:

Again we have before us a suit against an individual who, at the time of the incidents giving rise to this action,

was employed by the Commonwealth. It is somewhat unusual since the Commonwealth is not named as a defendant. The suit was instituted in the Court of Common Pleas of Dauphin County with plaintiff asserting an action for libel. Plaintiff was Director of Cadre Development at the Central Correctional Academy of the Bureau of Correction and defendant was his assistant. From the request for admissions of facts and the answer, we learn that defendant's duties included instructing corrections officers in a variety of courses, overseeing the scheduling of classes, as well as the work of other Academy instructors, and evaluating trainees at the conclusion of Academy programs. He held the rank of Lieutenant. After pleadings were filed, defendant petitioned the common pleas court to have the case transferred to this Court. After answers and argument, the petition was granted and the case transferred.

This Court *sua sponte* raised the issue of its jurisdiction and directed that the case be listed for argument on questions of jurisdiction and immunity. If defendant is a high public official, the answers to these questions are that this Court has jurisdiction and the doctrine of absolute immunity requires the complaint to be dismissed. We so hold and, accordingly, must dismiss the complaint.

Judge BLATT, in her opinion in *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973), set forth the law with regard to absolute immunity of high government officials, as well as the considerations that go into determining whether an individual is a high public official. *See also Freach v. Commonwealth*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976). Clearly, under the standards therein set forth, defendant is a high public official.

Under the pleadings and the depositions filed in this case, it is clear that the statements made by the defendant, alleged to be libelous, were made in a report he filed at

the request of his and plaintiff's superior, the Deputy Commissioner of Correction. The report deals with plaintiff's actions as Director of Cadre Development at the Central Correctional Academy. Under such circumstances, it is clear that the doctrine of immunity applies. *Matson v. Margiotti*, 371 Pa. 188, 88 A.2d 892 (1952).

Accordingly, we enter the following

ORDER

Now, March 5, 1976, the complaint filed in the above matter is dismissed.

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I respectfully dissent.

I cannot agree that Robert E. Stotelmyer is a high public official entitled to absolute immunity. Stotelmyer was an instructor of corrections officers at the Central Correctional Academy. That he may have had supervisory authority over other Academy instructors does not, in my view, give him absolute immunity. Furthermore, it was denied and therefore placed in issue, that Stotelmyer was involved in the scheduling of classes at the Academy. Even were he so involved, such activity is not, in my view, the kind of policy-making function contemplated in *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973).

As I have stated in my dissenting opinion in *Freach v. Commonwealth of Pennsylvania*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976), we must initiate a procedure which will provide us more information about a defendant, his authority and duties beyond that which we learn from a reading of broad averments in a complaint. Only then may we determine with certainty, as the majority does here today, the status of a defendant for the purposes of sovereign immunity.

Judge KRAMER joins in this dissent.