Bernard A. Fischer, Executor of the Estate of Sally Wilson, Deceased, Plaintiff v. Jacob G. Kassab, Secretary of Transportation, et al., Defendants.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Joseph D. Shein,* with him *Shein & Brookman, P.A.,* for plaintiff.

*Joseph Goldberg,* with him *Edwin L. Scherlis,* and *Frank, Margolis, Edelstein and Scherlis,* for defendants.

OPINION BY JUDGE ROGERS, July 22, 1976:

Invoking the original jurisdiction of this Court, the personal representative of Sally Wilson, deceased, has filed a wrongful death and survival action against individuals, who, it is alleged, acted negligently in the performance of the duties of their employment with or by the Commonwealth's Department of Transportation (PennDOT) in the maintenance of a State highway. Also named as defendants are Haverford Township and an employe of that municipality. All of the defendants are alleged to have acted wilfully, wantonly, maliciously and with complete disregard of the decedent's safety.

The defendants who are employes of PennDOT have filed preliminary objections on the basis of absolute and conditional immunity, a demurrer and a motion to strike for failure to conform to the Pennsylvania Rules of Civil Procedure. Those defendants are: Jacob G. Kassab, Secretary of Transportation; David C. Simms, Deputy Secretary for Highway Administration; Harold C. Poulson, Deputy Chief Highway Engineer East; Phillip W. Amos, Assistant Deputy Chief Highway Engineer East; Anthony D. Daliessio, former Superintendent of Maintenance, Delaware County; Thomas J. Duff, present Superintendent of Maintenance, Delaware County; Joseph P. Synkonis, Jr., District Engineer of Engineering District 6-0, Delaware County; Harold A. Humbert, Deputy District Engineer, Engineering District 6-0; Joseph P. Wade, Assistant District Engineer (Operations), Delaware County.

Recent opinions of this Court have reviewed the state of the law concerning absolute and conditional

immunity. Absolute immunity attaches to the actions of "high public officials" when acting within the scope of their authority; conditional immunity attaches to actions of other public officials so long as they are acting within the scope of their authority and so long as the conduct was not malicious, wanton or reckless. *Trulli v. City of Philadelphia*, 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976); *Kulik v. Stotelmyer*, 23 Pa. Commonwealth Ct. 583, 354 A.2d 916 (1976); *Freach v. Commonwealth of Pennsylvania, Department of Welfare*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976); *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973); *See also Ammlung v. Platt*, 224 Pa. Superior Ct. 47, 302 A.2d 491 (1973). Whether the actions of the public officials complained of are discretionary or nondiscretionary is without significance. *Walter v. Commonwealth of Pennsylvania*, 23 Pa. Commonwealth Ct. 97, 350 A.2d 440 (1976).

Suits against officers of the Commonwealth are properly brought before this Court. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401(a)(1). Hence, high public officials of the Commonwealth may be sued here; other officers and employes enjoying only conditional immunity must be sued in courts of common pleas.

The determination of whether Commonwealth officers are high public officials depends on the nature of their duties, the importance of their offices and whether they have policy-making functions. *Montgomery v. Philadelphia*, 392 Pa. 178, 140 A.2d 100 (1958); *DuBree v. Commonwealth, supra*. They will be held to be high public officials if sovereign functions of government are delegated to them to be exercised for the public benefit. *Forney v. Harrisburg*

*State Hospital,* 18 Pa. Commonwealth Ct. 17, 336 A.2d 709.

The Secretary of Transportation, Kassab, is clearly a high public official of the Commonwealth. He enjoys absolute immunity. We must sustain his preliminary objection based on that immunity.

With regard to the Commonwealth defendants other than Kassab, we are squarely presented with the problem stated by Judge CRUMLISH in his dissenting opinion in *Freach v. Commonwealth of Pennsylvania, supra,* and *Kulik v. Stotelmyer, supra.* From the broad averments of the complaint and the imprecise preliminary objections, we presently are unable to make any determination as to the status of these other PennDOT employes for the purposes of absolute or conditional immunity.

Pa. R.C.P. No. 1028(c) provides that if an issue of fact is raised by preliminary objections, the court shall take evidence by deposition or otherwise. We have concluded that we should invoke this power and direct taking depositions necessary to enable us to determine the status of the Commonwealth defendants other than Kassab.

It is, of course, certain that we have no original jurisdiction with respect to Haverford Township or its employe, one Thomas Banner. Were we able to determine from the pleadings that all of the Commonwealth defendants except Kassab were not high public officials we would transfer the entire matter to a court of common pleas for trial. Since, after depositions are completed, we may conclude that some of the other Commonwealth defendants are high public officials whose demurrers based on absolute immunity must be sustained, we will not effect such transfer at this time. After the taking of depositions and the determination of the status of such other Commonwealth employes, we will transfer the matter as

598

to all defendants still in the case, including Haverford Township and its employe, for disposition.

## ORDER

AND NOW, this 22nd day of July, 1976, the preliminary objections of the defendant Kassab based on absolute immunity are sustained and the plaintiff's complaint dismissed as to him.

The plaintiff is hereby directed to take such depositions as are necessary for the determination of whether the other Commonwealth officers named as defendants are or are not high public officials, and upon the completion of such depositions to request a relisting of such remaining Commonwealth defendants' preliminary objections.

It is further ordered that the preliminary objections to the naming in the complaint as defendants of "John Doe" in four instances is sustained, and said designations are stricken, without prejudice to the plaintiff's right, subject to statute of limitation, to amend his complaint to join other persons as defendants when their identities are ascertained.