## Adams v. Rodfong

464

*Richard L. Neff*, for plaintiff.

*Bruce E. Woodske* and *James A. McGregor, Jr.*, for defendant Rodfong.

*Robert J. Masters, County Solicitor*, for defendant County of Beaver.

ROWLEY, *J.*, September 15, 1978—This is an action in trespass brought by plaintiff, Mike Adams, to recover compensatory and punitive damages which he claims he sustained as a result of negligent and malicious conduct of individual defendant, Truman Rodfong, who was at all times involved herein, the director of the office of Veterans Affairs of defendant, Beaver County. Defendants have filed preliminary objections in the nature of (1) a motion to strike the complaint, and (2) a demurrer.

The "facts" as set forth in plaintiff's complaint are that in 1970, plaintiff applied for benefits as a disabled war veteran. Plaintiff's application was denied on the basis of what he claims was an error in his service records. Plaintiff had one year under the applicable regulations to file an appeal from the decision of the Veterans Administration which denied his claim. However, no appeal was filed. Plaintiff alleges that he has lost his right to benefits

because of the negligence of individual defendant who was the director of the county's office of Veterans Affairs in (1) failing to correct the claimed error in his service record, and (2) in failing to file an appeal or properly notify him of his appeal rights within the one year appeal period. Plaintiff also alleges that *after the appeal period had expired* individual defendant wilfully and maliciously continued to mislead him concerning the possibility of his obtaining the claimed benefits. For this subsequent conduct he claims that he is entitled to punitive damages.

## MOTION TO STRIKE

At the argument of the preliminary objections before the court, counsel for plaintiff stipulated that he would file a proper "verification" of the complaint and an amendment to eliminate any reference to a cause of action in assumpsit that would satisfy defendants' objections with regard to those two matters that are contained in the motion to strike.

Defendants, in their motion to strike, also challenge the sufficiency of the averments in support of plaintiff's claim for punitive damages as set forth in the last three paragraphs of the complaint. We are of the opinion that such an objection is not appropriate under a motion to strike off a pleading. Pa.R.C.P. 1017(b)(2) provides that the motion to strike may be used to attack a pleading "because of lack of conformity to law or rule of court or because of scandalous or impertinent matter." The objection that the complaint does not set forth a claim on which punitive damages can be allowed does not fall into either one of those categories. We are of the

opinion that the objection should more properly be raised under a "demurrer." Apparently defendants' counsel are of the same opinion because the same claim is made under the preliminary objection in the nature of a demurrer and is more fully discussed in their written brief under the heading "demurrer."

For these reasons, the preliminary objections in the nature of a motion to strike will be overruled on condition that counsel for plaintiff file the stipulated verification and amendment.

## DEMURRER

Defendants' demurrer is divided into three parts. They claim (1) that individual defendant, Truman Rodfong, is a "high public official" and, therefore, entitled to absolute immunity; (2) that if he is not a "high public official" he is at least, as an employe of Beaver County, entitled to "conditional immunity" and that the complaint fails to state a cause of action that overcomes such immunity, and (3) as already indicated, the complaint does not set forth a cause of action to support the claim for punitive damages.

Counsel concedes that there is no direct authority which answers the question whether a Director of Veterans Affairs appointed by the county commissioners under the authority of The County Code of August 9, 1955, P.L. 323, sec. 1923, as amended, 16 P.S. §1923(f), is or is not a "high public official." However, Mr. Rodfong's position is claimed to be analogous to that of a township supervisor,[1] an as-

---

1. Jonnet v. Bodick, 431 Pa. 59, 244 A. 2d 751 (1968).

sistant district attorney,[2] a director of cadre development in the Bureau of Correction,[3] and the director of the New Castle Youth Development Center,[4] all of whom have been said to be "high public officials" entitled to absolute immunity. We have concluded, however, that in view of the present trend to restrict immunity, rather than to expand it,[5] individual defendant cannot be said to be a "high public official" who is entitled to such absolute immunity. The essence of the test in making such a determination is whether or not the official has "policy-making functions." Defendants argue that the provisions of the act vest in the Director of Veterans Affairs such policy-making functions. However, we do not so interpret the act. On the contrary the director's duties are primarily to "assist" the commissioners and to implement the public policy laid down by them and the legislature. Therefore, the claim of absolute immunity will be denied.

Defendants next argue that in any event individual defendant is entitled to "conditional immun-

2. Schroeck v. Pa. State Police, 26 Pa. Commonwealth Ct. 41, 48, 362 A. 2d 486 (1976).

3. Kulik v. Slotelmyer, 23 Pa. Commonwealth Ct. 583, 354 A. 2d 916 (1976).

4. Zinna v. McDougald, 71 D. & C. 2d 271 (1975).

5. See: Mayle v. Pa. Dept. of Highways, ____ Pa. ____, 388 A. 2d 709 (1978), and Freach v. Com., 471 Pa. 558, 370 A. 2d 1163 (1977). In Freach the court said that the defense of immunity should not be raised by preliminary objection but should be pleaded under "new matter" in a responsive pleading. As in Freach, however, plaintiff has not raised that argument and we have considered the merits of defendants' claim.

ity" and that the complaint fails to set forth a cause of action against him in that regard. With this contention we are forced to agree. The essence of plaintiff's claim for damages is that individual defendant negligently failed to process his claim for benefits from the Veterans Administration and the Federal Government. There is no allegation that the failure to process the claim properly, or to appeal the adverse decision by the Veterans Administration within the proper appeal period was out of any intentional, wilful or malicious attitude on the part of Mr. Rodfong. A public official is entitled to immunity so long as he is acting within the scope of his authority and if his negligent conduct is not intentionally malicious, wanton or reckless: DuBree v. Com., 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973). Nowhere does plaintiff allege that Mr. Rodfong, in the processing of his claim, or during the one year appeal period following its denial, acted intentionally, maliciously, wantonly or recklessly. On the contrary, the complaint states that within that period of time he acted negligently while he was acting within the scope of his authority. Under such circumstances individual defendant would be entitled to conditional immunity as a matter of law. Therefore, the preliminary objection in this regard will be sustained but we are of the opinion that plaintiff should be granted leave to file an amendment if he can aver facts which would override the conditional immunity which Mr. Rodfong enjoys.

Finally, defendants claim that the complaint fails to aver "facts" which set forth a cause of action for punitive damages. With this claim we likewise agree. As indicated, the only contention contained in the complaint as filed, that individual defendant

acted wilfully or maliciously, is in reference to his conduct following the expiration of the appeal period. Plaintiff alleges that after the appeal period had expired individual defendant misled him maliciously and wilfully into thinking he still had a chance to obtain such benefits. However, he has not alleged that he sustained or suffered any damages as a result of the post-appeal period alleged malicious and wilful conduct. Moreover, the allegations that individual defendant, during that period, acted wilfully and maliciously, are conclusions no more and no less. There are no "facts" averred which would support a conclusion that Mr. Rodfong's actions during that period of time were malicious or wilful. Therefore, the preliminary objections of both defendants in this regard will likewise be sustained.

For all of these reasons, we make the following

## ORDER

Now, September 15, 1978, the preliminary objections of defendants in the nature of a motion to strike are overruled on condition that plaintiff file, within 20 days from this date, a proper verification of the complaint and an amendment as stipulated and agreed to. The preliminary objection of individual defendant, Truman Rodfong, in the nature of a demurrer, on the ground that he is a "high public official" and entitled to absolute immunity is overruled. The preliminary objection of individual defendant, Truman Rodfong, in the nature of a demurrer, on the ground that the complaint fails to state a cause of action which overcomes his "conditional immunity" is sustained. The preliminary ob-

jection of both defendants, in the nature of a demurrer, on the ground that the complaint fails to set forth a cause of action for punitive damages is sustained. Plaintiff is granted leave to file an amended complaint within 20 days from the date of this order, in accordance with the foregoing opinion.