393 A.2d 1250

Howard SHAPIRO

v.

The COUNTY OF GLOUCESTER By Donald H. Wagner and
George G. Small, Appellants.

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided Nov. 14, 1978.

Timothy J. Savage, Philadelphia, for appellants.

Paul R. Rosen, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

■ This is an appeal from an order of the Court of Common Pleas of Philadelphia County, Civil Trial Division, dismissing the preliminary objections of defendants-appellants. The complaint of plaintiff-appellee alleged that appellant had breached an employment contract with him and tortiously interfered with his contractual rights. The preliminary objections challenged the court's in personam jurisdiction, and their denial is accordingly appealable under the Act of March 5, 1925, P.L. § 23, § 1, 12 P.S. § 672, which provides that an interlocutory order deciding a jurisdictional question may be appealed.

The reason the court below gave for denying the preliminary objections was as follows:

". . . [R]eview of the file, the numerous legal memoranda, the pleadings and Dr. Shapiro's deposition indicated that the important jurisdiction-venue issues had been pursued in a helter-skelter way. Important assertions of defendants' physical presence in Pennsylvania and other jurisdictional activities were modified and later dropped. Others were undercut by Dr. Shapiro's own deposition. The little which then remained presented a very tenuous basis for the application of the "Long Arm Statute."

"However, I concluded that the issue required more orderly presentation of evidence and argument than had occurred at mere oral argument of the preliminary objections. A carefully prepared evidentiary hearing on these issues seemed desirable. E. g., Pa.R.Civ.P. 1098."

"Therefore, without making a final determination of the merits of the issue, I declined disposition of it as presented

and granted the parties leave to proceed for partial summary judgment."

■ However, this court held in *Radakovich v. Weisman*, 241 Pa.Super. 35, 40, 359 A.2d 426, 429 (1976):

"Once a court concludes that it is without jurisdiction, it is without power to [hear] the merits of the case. With this in mind, the purpose of [Pennsylvania Rules of Civil Procedure 1017, 1026, and 1032], therefore, is to secure a prompt determination of whether the court has jurisdiction to hear the merits of a particular case. In this regard, Rule 1028(c), Pa.R.C.P., provides that '. . . [t]he court shall determine promptly all preliminary objections.' A necessary corollary to the purpose of these rules, therefore, is that once the issue of jurisdiction is raised, it be totally and completely litigated in one proceeding."

Furthermore, the necessity for an evidentiary hearing (a question on which we defer to the discretion of the lower court) does not justify a postponement of the determination of the jurisdictional question to the summary judgment stage. Rule 1028(c), Pa.R.C.P., states in pertinent part: ". . . If an issue of fact is raised [by preliminary objections], the court shall take evidence by depositions *or otherwise.* [Emphasis added.]

Accordingly, the order dismissing the preliminary objections is reversed, the objections are reinstated, and the case is remanded for further proceedings consistent with this opinion.

VAN der VOORT, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.