422 A.2d 551

TELSTAR CORPORATION t/a and d/b/a Telstar Tyre
and Rubber Company

v.

Charles BERMAN, Individually and t/a Charles Berman
Tire Company, Appellant.

Charles BERMAN t/a Charles Berman Tire
Company, Appellant,

v.

TELSTAR CORPORATION t/a Telstar Tyre and
Rubber Company.

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Oct. 10, 1980.

444

Kenneth S. Siegal, Philadelphia, for appellant.
Richard B. Malis, Philadelphia, for appellant.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

HESTER, Judge:

In these consolidated appeals, the parties have asked us to determine the proper venue of two lawsuits in separate counties involving the same sales contract. Because we find that both lower courts erred in resolving the venue issue, we must remand for further proceedings.

These cases had their genesis on May 9, 1978, when appellant Charles Berman, t/a Charles Berman Tire Company, filed in the Court of Common Pleas, Philadelphia County, a complaint in trespass and assumssit against appellee Telstar Corporation, t/a Telstar Tyre and Rubber Company. The complaint alleged that sometime in April, 1975 the parties entered into an oral requirements contract whereby Telstar was to sell tires to Berman at Telstar's cost. The complaint further alleged that Telstar knowingly, willfully, and intentionally exaggerated its cost of the tires and overcharged Berman, beginning with the initial sale up to the final sale in 1977. Berman demanded judgment for the total overcharges in the sum of $179,667.35. The complaint also averred that Berman's principal place of business is in Philadelphia County, while Telstar's is in Montgomery County.

Appellee Telstar filed preliminary objections contesting venue and requesting either that the suit be dismissed or that the action be transferred to Montgomery County, citing Pa.R.Civ.P. 2179, the corporate venue provision. Berman then filed his amended complaint setting forth essentially the same factual scenario in more detail and adding that the contract was formed at Berman's place of business in Philadelphia. Another set of preliminary objections by Telstar followed in which Telstar again challenged venue and averred that the contract and other business contacts between the parties all occurred in Montgomery, not Philadelphia County, and that the suit should either be dismissed or

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

transferred. Pa.R.C.P. 1006(e). In addition, Telstar alleged that it had instituted its own suit against Berman for breach of the same requirements contract in the Court of Common Pleas, Montgomery County, and that venue in Philadelphia was improper, citing Rule 1017(b)(5). By order dated March 8, 1979, the lower court (Meade, J.) determined without taking evidence that venue was proper only in Montgomery County and transferred the case thereto. Berman then brought this appeal to our Court at No. 554, October Term, 1979.

Meanwhile, on May 23, 1978, the day after being served with Berman's original complaint in the Philadelphia action, Telstar filed its complaint in assumpsit against Berman in Montgomery County. The complaint alleged that the requirements contract was formed in Montgomery County; that Berman was in arrears in his payments thereunder; and that the total amount of Berman's indebtedness was $90,645.80. Berman's preliminary objections averred the pendency of the prior Philadelphia action, Rule 1017(b)(5), and again alleged that the business contacts and contract formation took place in Philadelphia, not Montgomery County, and that venue was proper only in Philadelphia. Telstar filed an answer, insisting that venue lay only in Montgomery County. The lower court (Avrigian, J.), without taking evidence, sustained venue in Montgomery County and Berman thereafter brought this appeal at No. 387, October Term, 1979, where it was consolidated with No. 554.

■■■■ Preliminarily, we note that both appeals are interlocutory, but are nonetheless properly before us. Appeals from the dismissal of preliminary objections which raise questions of venue are appealable orders. *Bloom v. Bloom*, 238 Pa.Super. 246, n.3, 362 A.2d 1024, n.3 (1976); *Calvin v. Somat Corp.*, 230 Pa.Super. 118, 326 A.2d 590 (1974); *Norman v. Norfolk and Western Railway Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974). See also, *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 231 A.2d 753 (1967) ("for procedural purposes, objections to venue are treated as raising a question of

jurisdiction", citing 12 P.S. 672)[1]; *Guthan v. City of Phila-delphia*, 433 Pa. 263, 249 A.2d 557 (1969); *Pennsylvania Higher Education Assistance Agency v. Devore*, 267 Pa.Super. 74, 406 A.2d 343 (1979). In addition, Pa.R.App.P. 311(c) grants an appeal as of right from an order in a civil action changing venue. See, e. g., *U.S. Cold Storage Corp. v. City of Philadelphia*, 431 Pa. 411, 246 A.2d 386 (1968); *Deeter–Ritchey–Sippel Associates v. Westminster College*, 238 Pa. Super. 194, 357 A.2d 608 (1976).[2]

As we have noted, both parties filed preliminary objections below averring facts which controverted factual allegations of venue in each other's complaint. Frequently, objections contained in the preliminary objection are apparent on face of the record and will be readily determinable by the court without going outside the pleadings, as is usually the case with the demurrer, *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976), the motion to strike, *Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 264 A.2d 668 (1970); *Commonwealth, DER v. Hartford Accident & Indemnity Co.*, 40 Pa.Cmwlth. 133, 396 A.2d 885 (1979), and a motion for a more specific pleading, Goodrich–Amram 2d, § 1017(b):9. On the other hand, certain issues embraced in the preliminary objections will frequently be resolved only by the presentation of facts outside the record, as is often the case with jurisdiction, *Lox, Stock and Bagels, Inc. v. Kotten Machine Co. of California*, 261 Pa.Super. 84, 395 A.2d 954 (1978), lack of capacity to sue, Goodrich, supra, § 1017(6)(14), and pendency of a prior action. Goodrich, § 1017(6)(15). In such cases "if an issue of fact is raised, the court shall take evidence by depositions or otherwise". Pa.R.C.P. 1028(c). Thus, in *Laffey v. Lehigh Valley Dairy Coop.*, 257 Pa.Super. 45, 390 A.2d 238 (1978), the defendant bank alleged in its

1.  Act of March 5, 1925, P.L. 23, § 1 (12 P.S. § 672) has been repealed by JARA, Act of July 9, 1976, P.L. 586, No. 142, as amended. Act of April 28, 1978, P.L. 202, No. 53, 42 Pa.C.S.A. § 20002 (1969); see 42 Pa.C.S.A. § 5105(c).

2.  Since we decide that both appeals are properly before us, we deny appellee's motion to quash, which was directed specifically toward No. 387.

preliminary objections that its activities within the Commonwealth were not sufficient to subject it to in personam jurisdiction. When the plaintiff sought to depose the bank's president in an attempt to establish the factual basis of in personam jurisdiction, the trial court issued a protective order prohibiting the deposition. On appeal, we vacated and remanded, stating that the court's order precluded determination of the jurisdiction question raised upon preliminary objection and that the court must "evaluate the propriety of venue consistent with Rule 1028(c)." 257 Pa.Super. 50, 390 A.2d at 240. Similarly, in *Lox, Stock and Bagels*, supra, the trial court resolved factual issues relating to jurisdiction without taking any evidence. We vacated and remanded, noting:

> "We believe it appropriate, therefore, to remand this record to the lower court with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise which will allow for the proper resolution of issues of fact".

261 Pa.Super. 88, 395 A.2d at 956. For other situations where our courts have remanded pursuant to Rule 1028(c), see *Lietweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974); *Shapiro v. County of Gloucester*, 260 Pa.Super. 254, 393 A.2d 1250 (1978); *Luria v. Luria*, 220 Pa.Super. 168, 286 A.2d 922 (1971); *Szekely v. Abilene Flour Mills Co.*, 211 Pa.Super. 442, 237 A.2d 242 (1967); *Fischer v. Kassab*, 25 Pa.Cmwlth. 593, 360 A.2d 809 (1976). See also *Davis v. C&NW Transportation Co.*, 266 Pa.Super. 558, 405 A.2d 959, n.3 (1979); *Alumbaugh v. Wallace Business Forms, Inc.*, 226 Pa.Super. 511, 313 A.2d 281 (1973).

In each of the instant cases, factual issues relating to proper venue were engendered by the pleadings. In No. 554 (Philadelphia County), Telstar's preliminary objections averred in part that no business contacts had occurred in Philadelphia and that all such contacts and dealings in fact took place in Montgomery County. The lower court resolved the issue by finding that Berman's complaint was "silent as

450

to the exact location of the alleged oral contact for the sale and delivery of merchandise". Op. at 1. We do not so read the pleadings. Berman's amended complaint clearly states that Telstar's agent came to Berman's place of business in Philadelphia to offer to sell to Berman his tire requirements and that Berman thereupon agreed to purchase tires from Telstar. Since the situs of contract formation is a "transaction or occurrence"[3] which will invoke venue, *Craig v. W. J. Thiele & Sons*, 395 Pa. 129, 149 A.2d 35 (1959); *Deeter–Ritchey*, supra, the complaint, using a common sense reading, clearly alleged proper venue in Philadelphia County. Since the pleadings raised a factual issue as to the situs of the contract, the court erred in sustaining Telstar's preliminary objections and transferring venue without the benefit of evidence, as provided by Rule 1028(c). We will thus vacate the order and remand for further proceedings.

Similarly, in No. 387 (Montgomery County), Berman's preliminary objections to Telstar's complaint alleged that all oral communications as to the sale at issue took place while Berman was at his place of business in Philadelphia, thus opposing the averments in Telstar's complaint that the "said oral contract . . . took place at (Telstar's) place of business" in Montgomery County. The lower court found that Berman, by filing preliminary objections, admitted all well pleaded facts in Telstar's complaint. While this is the law with respect to the preliminary objection in the nature of a demurrer, *Gekas v. Shapp*, supra; *Tanenbaum v. Sears, Roebuck & Co.*, 265 Pa.Super. 78, 401 A.2d 809 (1979), it clearly is not true with other issues raised under Rule 1017(b) where the pleader alleges facts inconsistent with those advanced in the complaint. Indeed, Rule 1028(c) is specifically addressed to those situations where the party filing preliminary objections pleads facts not of record and in opposition to those plead by the plaintiff. To hold that a defendant admits the very facts in a complaint which he

---

3. Pa.R.C.P. 2179 provides that a personal action against a corporation may be brought in a county where a transaction or occurrence took place out of which the cause of action arose. Rule 2179(a)(4).

controverts by preliminary objections is to defy logic and common sense and short circuits the mechanism of Rule 1028(c) by which the court must resolve factual discrepancies. We therefore vacate the order dismissing Berman's preliminary objections and remand for further proceedings.

■ It should be noted that, on remand, both lower courts may well decide that each county is a proper venue of the actions filed therein. In the Philadelphia action, for example, the court may decide that the contract was not in fact formed therein, but that venue is nonetheless proper because Philadelphia is a county where Telstar "regularly conducts business." Rule 2179(a)(2). Similarly, in the Montgomery County action, the court may decide that the contract was formed or that the cause of action arose therein. Rule 1006(a).[4] See *Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.*, 433 Pa. 291, 249 A.2d 299 (1969); *PHEAA v. Christon*, 42 Pa.Cmwlth. 165, 400 A.2d 1329 (1979). The broad venue provisions of Rules 1006 and 2179 would countenance such concurrent venue in two counties. See, e. g., *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 246 A.2d 384 (1968); *Tarasi v. Settino*, 223 Pa.Super. 158, 298 A.2d 903 (1972); Goodrich–Amram 2d § 1006(d):(1). It is also worthy of note that either party's suit may properly be labelled as a counterclaim to the other. Nonetheless, because Pennsylvania has no compulsory counterclaim rule, Telstar is not prohibited from pursuing its own actions on the contract in a different county from that chosen by Berman for his suit.[5] "The filing of a counterclaim by the defendant is always optional; he may, if he prefers, elect to start an independent suit on the counterclaim against the plaintiff." Goodrich, supra, § 1031(6)(1). See *Sobol v. Will Allen Builders, Inc.*, 244 Pa.Super. 486, 368 A.2d 825 (1976).

**4.** Rule 1006(a) provides in part: "an action against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law".

**5.** And, of course, Berman is free to press his suit on the contract in a different county from that chosen by Telstar so long as venue is proper.

452

We therefore vacate the orders below and remand for further proceedings consistent herewith.