## Fischer v. Kassab

*Joseph D. Shein,* for plaintiff.
*Joseph Goldberg,* for defendant.

VOGEL, *J.*, June 16, 1981—This highly involved and unfortunate case arises out of an accident that occurred in the early morning of August 23, 1974. Plaintiff's deceased, Mrs. Sally Wilson, was allegedly washed beneath the buckled roadway of East Manoa Road by flash flood conditions and drowned. Mrs. Wilson was found buried beneath the roadbed by a Haverford Township road crew after the waters had receded.

On August 19, 1975, plaintiff invoked the original jurisdiction of the Commonwealth Court by filing a wrongful death and survival action against certain individuals who, it was alleged, acted negligently maliciously, wilfully, wantonly and with complete disregard to the safety of plaintiff's decedent, in the performance of the duties of their employment with the Commonwealth's Department of Transportation (PennDOT) in the maintenance of the particular highway. Similar averments were directed to Haverford Township and the Township Manager who were also named as defendants.

On October 20, 1975 preliminary objections on the basis of absolute and conditional immunity, a demurrer, and a motion to strike for failure to conform to the Pennsylvania Rules of Civil Procedure, were filed on behalf of the Commonwealth employes.

On July 22, 1976, the Commonwealth Court, having affirmed its jurisdiction over the proceedings,[1] entered an order granting the preliminary objections of defendant Kassab as Secretary of Transportation on the basis of absolute immunity. See Fischer v. Kassab (I), 25 Commonwealth Ct. 593, 360 A. 2d 809 (1976). The court further directed that depositions be taken of the remaining PennDOT employes in order to determine their status for the purpose of absolute and conditional immunity.

After the necessary depositions were taken, the matter was relisted and, on December 5, 1977, the Commonwealth Court entered another order, this time granting the preliminary objections to defendant David C. Simms, Secretary for Highway Administration, on the basis of absolute immunity. See Fischer v. Kassab (II), 32 Commonwealth Ct. 581, 380 A.. 2d 926 (1977). As to the remaining defendants, the court entered the following order: "2. As to the remaining defendants, these proceedings are hereby transferred to the Court of Common Pleas of Montgomery County for disposition on the merits including the outstanding preliminary objections. Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, 17 P.S. §211.53(b)."[2]

---

1. The Commonwealth Court, although faced with defendants' outstanding preliminary objections and motion, was compelled to first examine its jurisdiction over the proceedings, for in its absence, the court was incapable of ruling on those preliminary objections and motion: Opie v. Glascow, Inc., 30 Commonwealth Ct. 555, 375 A. 2d 396 (1977) (allocatur denied).

2. The court concluded that the present defendants, Philip W. Amos and Harold Poulson, as well as the remaining PennDOT defendants, while they may have had substantial

On December 12, 1977, defendants filed a petition for reconsideration of the December 5, 1977 order transferring the case to Montgomery County rather than Delaware County. On December 28, 1977, the Honorable James S. Bowman denied the petition for reconsideration.

Thereafter, on January 4, 1978, the attorney general's office, on behalf of the individual employes of the Pennsylvania Department of Transportation, filed an Appeal to the Supreme Court of Pennsylvania. On January 23, 1980, however, the attorney general's office withdrew their appeal on the issue of venue. On June 20, 1980, the Commonwealth Court record was transferred from the Commonwealth Court to the Montgomery County Court of Common Pleas. Finally, after years of the aforedescribed litigation, oral argument of defendants' preliminary objections of October 20, 1975, was heard by the undersigned on April 15, 1981 necessitating this opinion and accompanying order.

Defendants' primary contention in the instant preliminary objections is that plaintiff's complaint of August 19, 1975 was not served by the sheriff in accordance to Pa.R.C.P. 2104(b) and should be stricken. They assert that service by certified mail as effected in this case, does not satisfy the procedural rules and was therefore improper. We reluctantly agree.

Service of process here is controlled by Pa.R.C.P. 2104(b) which provides in pertinent part:

responsibility for the operation and maintenance of the highway system, their responsibilities were limited to a specific geographic area and were, therefore, not statewide. Lacking statewide authority, the court did not enjoy jurisdiction over these defendants and properly transferred the proceedings to the appropriate court of common pleas.

"(b) When an action is commenced against an officer of the Commonwealth or against a department, board, commission or instrumentality of the Commonwealth, or a member thereof, other than an appeal from an administrative determination, order or decree of such officer, department, board, commission or instrumentality, service shall be made at the office of the defendant and at the office of the attorney general by handing a copy of the writ, or a complaint if the action is commenced by complaint, to the person in charge thereof."

The critical question to be answered, therefore, is how the phrase "handing a copy" is to be construed. Defendants argue that the above rule must be strictly construed and thus does not include service by certified mail. Plaintiff, on the other hand, strenuously argues that both the letter and spirit of Rule 2104(b) were followed by certified mail service accomplished upon the individual defendants. However, although this court has scrutinized the applicable case law, we have failed to discover a single case to support plaintiff's position. Conversely, the cases cited and relied upon by defendants clearly substantiate the view of strict compliance to the rules.

For example, in Izzi v. Commonwealth, 11 Chester 280 (1963), the court struck a default judgment where the original complaint was served at the local office of the department of highways but was not served at the Office of the Department of Highways in Harrisburg as prescribed by Rule 2104(b). So too, in North Allegheny Joint School System v. Secretary of Health, Education and Welfare, 196 F. Supp. 144 (W.D.Pa. 1961), the Federal District Court, applying Pennsylvania law, found certified mail service upon the Secretary of Labor

and Industry of the Commonwealth to be insufficient.

Furthermore, by way of analogy to other Pennsylvania Rules of Civil Procedure, it is evident that "in hand" service does not encompass service by certified mail. Pa.R.C.P. 1009, which provides for the method of service in actions in assumpsit, provides in pertinent part:

"(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with which he resides . . .; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house . . .; or

(iii) at any office or usual place of business of the defendant to

his agent . . ."

In Mital v. Oddo, 57 Westmoreland 89 (1974), the court determined that service by certified mail under Rule 1009 was patently defective since Rule 1009 makes no provision for service upon an individual by utilizing certified mail.[3]

It is abundantly clear to this court that the ramifications of strict compliance to Rule 2104(b) in the instant case will necessitate a seemingly harsh result, however, we see no alternative. Rule 2104(b) *dictates* that "in hand" deputized service be made in order to effectuate valid service. Service by certified mail as effected in this case fails to

---

3. See also Pa.R.C.P. 1013, which provides the sheriff's return of service in actions In assumpsit.

confer jurisdiction on the court. This result is unavoidable.

However, plaintiff counters that even if service was improper, defendants, by raising the issue of immunity in the preliminary objections of October 20, 1975, have unconditionally accepted the jurisdiction of the court and have therefore waived the issue of defective service. We disagree.

As previously set forth, it was plaintiff, not defendants, who invoked the original jurisdiction of the Commonwealth Court pursuant to section 401(a)(1) of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.401(a)(1),[4] since repealed by the Act of April 28, 1978, P.L. 202, and it was the Commonwealth Court, not defendants, which was required to first examine whether or not each of the named defendants was an officer of the Commonwealth and whether each enjoyed absolute or conditional immunity before it could consider ruling on the remaining preliminary objections filed by defendants. Defendants, therefore, properly filed preliminary objections in the nature of a demurrer raising the defenses of absolute and conditional immunity. See Witt v. Com., Dept. of Banking, 36 Commonwealth Ct. 298, 387 A. 2d 1310 (1978).

This court does not view the filing of preliminary objections in the nature of a demurrer as such active participation in the litigation of a lawsuit that jurisdiction is waived. Defendants have not taken any action on the merits evidencing an intent to forego their objection to the defective service and

4. Section 401 of the ACJA confers exclusive original jurisdiction in the Commonwealth Court where the Commonwealth or an officer thereof is an original party defendant or is determined to be an indispensable party defendant: Keitt v. Ross, 17 Commonwealth Ct. 183, 331 A. 2d 582 (1975).

should not now be prejudiced by the unavoidable interjection of the immunity issue at the Commonwealth Court level. The remaining preliminary objections, including the motion to strike heretofore considered, were promptly filed and remained outstanding during the five year period before this case was presented to the court for review. We determine that it is now properly before the court and find the following order to be appropriate.

## ORDER

And now, June 16, 1981, after oral argument before the undersigned on April 15, 1981 and in consideration of the briefs submitted by respective counsel, it is hereby ordered and decreed that defendants' preliminary objections of December 20, 1975, in the nature of a motion to strike, are sustained and plaintiff's complaint of August 19, 1975 is dismissed.