449 A.2d 37

**DONALD L. F., Jr. and Donald L. F., Sr., and Alice F., his wife**

v.

**MICHELLE C. F., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 9, 1982.

Filed Aug. 6, 1982.

Michelle Frank, Casper, for appellant.

Darrell Lee Kadunce, Butler, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

Appellees, Donald L. F., Jr. and Donald L. F., Sr. and his wife, Alice F. (hereinafter petitioners), instituted an action

against appellant, Michelle C. F., to confirm custody of Rachel May F. The child was at the time of this appeal in the custody of her mother. Rachel May F. was born to Donald L. F., Jr. and Michelle C. F. on October 14, 1979. Michelle C. F. resides in the state of Wyoming. Michelle C. F. presented the trial court preliminary objections asserting that the trial court lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act. 11 Pa.C.S.A. § 2301 et seq. See also: *Commonwealth ex rel. Earl R. D. v. Linda H. S.*, 297 Pa.Super. 78, 443 A.2d 307. Those objections were denied on January 5, 1981. This appeal followed.

 The matter before us is interlocutory. No appeal by right lies from the trial court's mere assertion of jurisdiction. While under previous law, such an appeal was permitted, 12 P.S. § 672, *Commonwealth, Auditor General v. Borough of East Washington*, 474 Pa. 226, 378 A.2d 301 (1977); *School District of Borough of West Homestead v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970); *Shapiro v. Gloucester County*, 260 Pa.Super. 254, 393 A.2d 1250 (1978); Pa.R.A.P. 311(a)(7), Pa.R.C.P. 1451(b)(7),— 12 P.S. 672 was repealed effective June 27, 1980. There is however an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(b) which states:

(b) Order sustaining venue or personal or in rem jurisdiction. An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

(1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

(2) the court states in the order that a substantial issue of jurisdiction is presented.

The comment to the rule states:

Subdivisions (b) and (c) are based in part on the act of March 5, 1925 (P.L. 23, No. 15) (order ruling on question of

jurisdiction). The term "civil action or proceeding" is broader than the term "proceeding at law or in equity" under the prior practice and is intended to include orders entered by the orphans' court division. Cf. *In the Matter of Phillips*, 471 Pa. 289, 370 A.2d 307 (1977).

In Subdivision (b)(1) a plaintiff is given a qualified (because it can be overridden by petition for and grant of permission to appeal under Rule 312 (Interlocutory appeals by permission)) option to gamble that the venue of the matter or personal or in rem jurisdiction will be sustained on appeal. Subdivision (a)(2) provides that if the plaintiff timely elects final treatment, the failure of the defendant to appeal constitutes a waiver. The appeal period under Rule 903 (time for appeal) ordinarily runs from the entry of the order, and not from the date of filing of the election, which procedure will ordinarily afford at least 20 days within which to appeal. See Rule 903(c) as to treatment of special appeal times. If the plaintiff does not file an election to treat the order as final the case will proceed to trial unless either (1) the trial court makes a finding under Subdivision (b)(2) of the existence of a substantial question of jurisdiction and the defendant elects to appeal, (2) an interlocutory appeal is permitted under Rule 312 or (3) another basis for appeal appears, e.g., under subdivision (a)(1), and an appeal is taken. Presumably a plaintiff would file such an election where he desires to force the defendant to decide promptly whether the objection to venue or jurisdiction will be seriously pressed. Subdivision (b) does not cover orders which do not sustain jurisdiction because they are, of course, final orders appealable under Rule 341.

The petitioners did not file within ten days of the entry of the trial court's order an election that the order be deemed final. Michelle C. F. did not seek to file an interlocutory appeal by permission. Furthermore, the trial court did not state in its order that a "substantial issue of jurisdiction is presented." Thus, we are obliged to quash this appeal as it is interlocutory.

Appeal quashed.