Dear Senator Bass:
This opinion letter is in response to your question asking:
 Is a chamber of commerce or similar business league a "charitable organization" within the meaning of subdivision (1) of section 407.453, RSMo 1986?
Section 407.453(1), RSMo 1986, defines "charitable organization" as follows:
 407.453. Definitions. — As used in sections 407.450 to 407.478, the following terms shall mean:
 (1) "Charitable organization", any person, as defined in section 407.010, who does business in this state or holds property in this state for any charitable purpose and who engages in the activity of soliciting funds or donations for, or purported to be for, any fraternal, benevolent, social, educational, alumni, historical or other charitable purpose;
Sections 407.450 through 407.478, RSMo 1986, are referred to as the "Charitable Organizations and Solicitations Law." These sections provide certain "charitable organizations" must file various registrations and reports specified in these sections before soliciting funds in this state or employing a professional fund-raiser to solicit funds in this state for any charitable purpose. Whether an entity is a "charitable organization" as defined in Section 407.453(1) affects its need to comply with the requirements of the Charitable Organizations and Solicitations Law.
PART A
 Nature, Purpose and Characteristics of Chambers of Commerce and Similar Business Leagues
In order to determine whether "a chamber of commerce or similar business league" comes within the definition of "charitable organization" in Section 407.453(1), we must first determine its nature, purpose and characteristics.
There are no provisions in state law describing or defining chambers of commerce or business leagues. However, various other sources of the kind regularly utilized by courts for definitions give fairly consistent definitions or descriptions of these terms.
Webster's Third New International Dictionary at page 372 sets forth the following:
 Chamber of commerce: an association of businessmen to promote the commercial and industrial interests of a community, state, or nation . . . .
14 C.J.S. Chamber at page 351 provides, in pertinent part:
 Chamber of commerce. A board or association to promote the commercial interests of a locality, a country, or the like; a society of the principal merchants and traders of a city who meet to promote the general trade and commerce of the place. [Footnote omitted.]
12A C.J.S. Business at page 489 provides, in pertinent part:
 Business league. An association of persons having some common business interest, which limits its activities to work for such common interest and does not engage in a regular business of a kind ordinarily carried on for profit; an organization of the same general class as a "board of trade," or a "chamber of commerce;" . . . ." [Footnote omitted.]
Court cases dealing with the terms "chamber of commerce" and "business league" usually arise in regard to whether the organization is exempt from federal income taxation under26 U.S.C. § 501(c)(6) which provides:
 (a) Exemption from taxation. — An organization described in subsection (c) or (d) or section 401(a) shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503.
* * *
 (c) List of exempt organizations. — The following organizations are referred to in subsection (a):
* * *
 (6) Business leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues (whether or not administering a pension fund for football players), not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.
The Secretary of the Treasury has promulgated Treas. Reg. Section 1.501(c)(6)-1 which provides, in pertinent part:
 A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of commerce or board of trade. Thus, its activities should be directed to the improvement of business conditions of one or more lines of business as distinguished from the performance of particular services for individual persons. An organization whose purpose is to engage in a regular business of a kind ordinarily carried on for profit, even though the business is conducted on a cooperative basis or produces only sufficient income to be self sustaining, is not a business league. An association engaged in furnishing information to prospective investors, to enable them to make sound investments, is not a business league, since its activities do not further any common business interest, even though all of its income is devoted to the purpose stated. A stock or commodity exchange is not a business league, a chamber of commerce, or a board of trade within the meaning of section 501(c)(6) and is not exempt from tax.
(Emphasis added.)
In considering the above provisions, courts have offered their own descriptions of chambers of commerce and business leagues.
The United States District Court in Louisville CreditMen's Adjustment Bureau v. United States, 6 F. Supp. 196 (W.D. Ky. 1934), stated that chambers of commerce, boards of trade and real estate boards
 . . . are not business concerns, in the sense that they operate for profit or render that individual paid service to the public, or even to their own members, that is customarily performed by individuals or organizations for the purpose of making money. Their function is a semi-civic one, having to do in large part with the general welfare of the business or businesses represented by their membership. Id. at 198.
(Emphasis added.)
The court in Crooks v. Kansas City Hay Dealers'Association, 37 F.2d 83 (8th Cir. 1929), stated that a chamber of commerce "is generally understood to be `a society of the principal merchants and traders of a city who meet to promotethe general trade and commerce of the place.' 11 C.J. p. 228." (Emphasis added.) The Hay Dealers' Association in that case was found to be conducive to "the general welfare by establishing an honest market for the buying and selling of hay and straw and by assisting in preserving its integrity." Id.
at 85.
The court in Glass Container Industry ResearchCorporation v. United States of America, 70-1 USTC paragraph 9214 (W.D. Pa. 1970), p. 82,852, stated:
 Generally speaking, chambers of commerce and boards of trade are organizations of businessmen who are engaged in many diverse lines of business. Every community of any size has a chamber of commerce or board of trade whose members are merchants or other business people interested in promoting and publicizing the advantages of an area and the advantages of doing business in the particular city with the merchants or other business people in that city. Id. at p. 82,856.
(Emphasis added.)
In accordance with the above are the holdings by the courts in Retailers Credit Association of Alameda County v.Commissioner of Internal Revenue, 90 F.2d 47, 50-51 (9th Cir. 1937) (holding that an essential characteristic of a chamber of commerce or board of trade is that they have "purposes to advance and protect business interests"), and Produce ExchangeStock Clearing Association v. Helvering, 71 F.2d 142, 144 (2nd Cir. 1934).
More recently, the United States Supreme Court reviewed the meaning of the terms "chamber of commerce" and "business league" in its opinion in National Muffler DealersAssociation, Inc. v. United States, 440 U.S. 472,99 S.Ct. 1304, 59 L.Ed.2d 519 (1979). Relying on dictionary definitions, court opinions and the legislative history of the Tariff Act of October 3, 1913, 38 Stat. 114, in which26 U.S.C. § 501(c)(6) had its genesis, the court held that the common factor of chambers of commerce, business leagues and boards of trade is that they have "`for their primary purpose the promotion of business welfare.'" Id., 440 U.S. at 481. Quoting from a statement submitted by the United States Chamber of Commerce to the Senate Committee on Finance which was considering the Tariff Act, the court set forth the following:
 "While its (commercial organization) original reason for being is commercial advancement, it is not in the narrow sense of advantage to the individual, but in the broad sense of building up the trade and commerce of the community as a whole. . . ." [Emphasis added.] Id., 440 U.S. at 478 quoting from Briefs and Statements on HR 3321 filed with the Senate Committee on Finance, 63d Cong., 1st Sess., 2002 (1913).
 "These organizations receive their income from dues . . . which business men pay that they may receive in common with all other members of their communities or of their industries the benefits of cooperative study of local development, of civic affairs, of industrial resources, and of local, national, and international trade." Id.
PART B
Analysis
According to Section 407.453(1), there are various factors to apply to chambers of commerce and business leagues to determine whether they are "charitable organizations". First, they must be persons under Section 407.010(5), which provides:
 (5) "Person", any natural person or his legal representative, partnership, firm, for profit or not for profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof;
We understand that most local chambers of commerce are incorporated as not for profit corporations. These would be "persons" under the above-quoted statutory provision. Whether the rest are persons depends on the facts and circumstances of each entity but they would probably come under the term "business associations" and, as such, are "persons".
The second factor is whether the chamber of commerce or business league does business in this state for any charitable purpose or whether it holds property in this state for any charitable purpose. "Property" can, of course, be either real or personal. Section 1.020(14), RSMo 1986. For purposes of the Charitable Organizations and Solicitations Law, as long as an organization is conducting its affairs in accordance with the purposes for which it was organized, it is conducting business even though it is a not for profit organization.[1]
Therefore, if a chamber or commerce or business league is engaging in the type of activity described in Part A of this opinion, it is doing business in this state.
The second factor also concerns the purpose of the business being conducted or of the holding of the property. This must be determined by applying the definition of "charitable purpose" as set forth in Section 407.453(2) to the facts of each case. Section 407.453(2) provides:
 (2) "Charitable purpose", any purpose which promotes, or purports to promote, directly or indirectly, the well-being of the public at large or any number of persons, whether such well-being is in general or limited to certain activities, endeavors or projects;
For purposes of this opinion, we will assume that the doing of business and holding of property are done by chambers of commerce and business leagues local to this state and are done in the course of the normal activities of those entities as they were described in Part A. Basically, chambers of commerce and business leagues are not for profit entities engaging in activities which will benefit the business community in the geographic area concerned, or, as in the case of business leagues, in the particular line of business being represented. This is not a "charitable purpose" as set forth above. That description is a codification of the definition of "charity" and "charitable purpose" developed by Missouri courts in the context of determining which groups are exempt from certain taxes and unemployment compensation laws. In SundaySchool Board of the Southern Baptist Convention v. Mitchell,658 S.W.2d 1 (Mo. banc 1983), the Supreme Court of Missouri held that a charity is
 `a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government. . . . A charity may restrict its admissions to a class of humanity, and still be public; it may be for the blind, the mute, those suffering under special diseases, for the aged, for infants, for women, for men, for different callings or trades by which humanity earns its bread, and as long as the classification is determined by some distinction which involuntarily affects or may affect any of the whole people, although only a small number may be directly benefited, it is public.'
 [Citation omitted.] Charity is not limited `solely to the relief of the destitute' but instead includes `all humanitarian activities, though rendered at cost or less, which are intended to improve the physical, mental and moral condition of the recipients and make it less likely that they will become burdens on society and make it more likely that they will become useful citizens.' [Citation omitted.] Id. at 4-5.
The purposes and activities of chambers of commerce and similar business leagues as described in Part A do not fit within this description. Their purpose is to promote the welfare of profit-making businesses. Although this may benefit the general public or parts thereof by improving economic conditions generally or by providing jobs, such incidental benefits of profit making or commercial activity have never been considered to be the result of charitable purposes. For instance, contributions to a chamber of commerce are not considered charitable contributions for purposes of deductions for federal income tax purposes. Rev. Rul. 58-293, C.B. 1958-1, p. 146, and Mertens Law of Federal Income Taxation
Vol. 9, Sec. 34.20, p. 218. Therefore, the usual activities by which a chamber of commerce or a business league "does business" or "holds property" are not "for any charitable purpose" as that phrase is used and defined in subdivisions (1) and (2) of Section 407.453. It is certainly possible, of course, that a chamber of commerce or business league could depart from its usual activities and purposes and engage in an activity whose purpose is a charitable one under this Law. That, however, can be determined only by an analysis of the specific activity at issue.
The third factor is whether the entity in question engages in the solicitation of funds or donations for a charitable purpose. As just stated, whether a specific activity or course of conduct on the part of a chamber of commerce or business league meets this factor can be answered only by reference to the facts and circumstances surrounding that particular conduct. If such an entity engages in that activity it would be doing "business in this state . . . for any charitable purpose" as that phrase is used in Section 407.453(1). This conduct would cause the entity and its activities to meet not only this third factor but also the second factor even though it was a departure from its usual activity and purposes.
The above discussion demonstrates that chambers of commerce and similar business leagues could be considered "charitable organizations" for purposes of the Charitable Organizations and Solicitations Law depending on the facts and circumstances of the particular conduct in question. They are "persons" under Section 407.453(1) and whether they are subject to the Law depends on the facts and circumstances of each instance of activity which is alleged to constitute doing business or holding property for any charitable purpose or to constitute soliciting funds or donations for a charitable purpose. When they engage in this type of activity, they subject themselves to the requirements of the Charitable Organizations and Solicitations Law unless exempted by Section407.456.2.
Section 407.456.2 exempts the following organizations from certain of the requirements of the Charitable Organizations and Solicitations Law:
 2. The provisions of sections 407.459
and 407.462, and subsection 1 of section 407.469 shall not apply to the following:
(1) Religious organizations;
 (2) Educational institutions and their authorized and related foundations;
 (3) Fraternal, benevolent, social, educational, alumni, and historical organizations, and any auxiliaries associated with any of such organizations, when solicitation of contributions is confined to the membership of such organizations or auxiliaries;
 (4) Hospitals and auxiliaries of hospitals, provided all fund-raising activities and solicitations of contributions are carried on by employees of the hospital or members of the auxiliary and not by any professional fund-raiser who is employed as an independent contractor;
 (5) Any solicitation for funds governed by chapter 130, RSMo; and
 (6) Any organization that has obtained an exemption from the payment of federal income taxes as provided in section 501(c)(3) of title 26, United States Code, as amended, if, in fact, no part of the net earnings of the organization inure to the benefit of any private party or individual associated with such organization.
As the description of chambers of commerce and business leagues set forth in Part A demonstrates, they are not the kinds of entities set forth in any of these subdivisions. Therefore, to the extent chambers of commerce and business leagues depart from their usual activity and purposes and engage in business or hold property for any charitable purpose and also engage in the solicitation of funds or donations for a charitable purpose they are subject to the requirements of the Charitable Organizations and Solicitations Law.
It is the opinion of this office that chambers of commerce and business leagues are "charitable organizations" under the Charitable Organizations and Solicitations Law, Sections407.450 to 407.478, RSMo 1986, only to the extent that they do business in this state or hold property in this state for a "charitable purpose", as that term is defined in subsection 2 of Section 407.453, and also engage in the solicitation of funds or donations for a charitable purpose. They are not exempt organizations under Section 407.456.2.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] In the context of a wide variety of laws, courts have held that terms such as, "doing business", are not limited to denoting commercial, financial or other business enterprises which are organized for profit. These terms more broadly denote any activity in which an entity is organized to engage. This includes the activities of religious, charitable, benevolent and other not for profit organizations. See authorities listed in American Medical Association v. United States,130 F.2d 233, 237 n. 15 (D.C. 1942); affirmed, 317 U.S. 519,63 S.Ct. 326, 87 L.Ed. 434 (1943); and the holdings in Zucker v.Baker, 35 Misc.2d 841, 231 N.Y.S.2d 332, 334-335 (S.Ct. 1962), and State ex rel. Griffith v. Knights of Ku Klux Klan,117 Kan. 564, 232 P. 254, 258-260 (1925); app. dism.,273 U.S. 664 (1926).